# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

## No. 92-05006-01/02-CR-S-4

_____

### THE UNITED STATES OF AMERICA,
**Respondent,**

**v.**

### SHANNON WAYNE AGOFSKY
**Movant.**

_____

## MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255

JENNIFER MERRIGAN
MO Bar # 56733
Phillips Black
1901 South 9th Street, #510
Philadelphia, PA 19148
(816) 695-2214

CLAUDIA VAN WYK
PA Bar # 95130
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone (215) 928-0520
Facsimile (215) 928-0826

*Counsel for Shannon Wayne Agofsky*

Dated: May 22, 2020

**TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

STATEMENT OF FACTS ......................................................................................3

     A.     Conviction and Sentencing....................................................................3

     B.     Direct Appeal .........................................................................................4

     C.     Previous § 2255 Petitions......................................................................5

     D.     *Johnson, Dimaya, Davis, and Welch* .....................................................6

ARGUMENT .........................................................................................................8

I.     MR. AGOFSKY'S CONVICTION UNDER § 924(C)(3)(A) (THE "FORCE" CLAUSE) CANNOT STAND BECAUSE BANK ROBBERY CAN BE COMMITTED BY EXTORTION, WHICH DOES NOT CONTAIN AS AN ELEMENT THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE. ................................................................8

     A.     Section 2113(a) is indivisible............................................................10

     B.     The least of the acts criminalized under § 2113(a) is extortion by non-violent means. .............................................................................14

II.     MR. AGOFSKY'S CONVICTION UNDER THE "FORCE" CLAUSE CANNOT STAND BECAUSE BANK ROBBERY BY INTIMIDATION DOES NOT REQUIRE PROOF OF AN INTENTIONAL THREAT..................................................................................16

     A.     Under Supreme Court and Court of Appeals precedent, offenses must contain as an element the *intentional* use of force in order to satisfy the force clause under § 924(c)(3)(A). ...............................16

     B.     Under Eighth Circuit precedent, § 2113(a) does not satisfy the force clause because the intimidation element can be satisfied without proving that the intimidation was intentional. .......................20

     C.     *Holder*, *Allen*, *Estell*, and *Kidd* are in conflict with *Leocal*, *Torres-Villalobos*, *Yockel*, and *Pickar* ...............................................24

III.     SECTIONS 2113(D) AND (E) DO NOT QUALIFY AS CRIMES OF VIOLENCE AND THEREFORE CANNOT BE USED TO SUSTAIN A CONVICTION UNDER § 924(C). ........................................................25

i

A.  Because § 2113(a) is not a crime of violence, the sentence enhancements under §§ 2113(d) and (e) cannot qualify as crimes of violence. ..................................................................................25

B.  In any event, neither § 2113(d) nor § 2113(e) contains the requisite *mens rea* for the use or threatened use of force to qualify as a crime of violence. ..................................................................................27

    1.  Section 2113(d).............................................................................27

    2.  Section 2113(e) contains no heightened *mens rea* requirement besides the state of mind required for the underlying offense of § 2113(a). ......................................................................28

IV.  MR. AGOFSKY IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE 1) HIS CLAIM UNDER *JOHNSON* AND *DAVIS* IS COGNIZABLE, 2) IT SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(H)(2), AND 3) IT IS TIMELY. ..................30

A.  Mr. Agofsky's claim is cognizable under § 2255(a)..........................30

B.  Mr. Agofsky's successive motion satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Davis* announced a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. ..............................32

    1.  *Davis* announced a previously unavailable new rule of constitutional law.......................................................................33

    2.  The Supreme Court has made *Johnson* retroactive to cases on collateral review, and therefore Davis is retroactive to cases on collateral review........................................................34

C.  This motion is timely under 28 U.S.C. § 2255(f)(3)..........................36

CONCLUSION..............................................................................................38

CERTIFICATE OF SERVICE .......................................................................39

Petitioner, Shannon Wayne Agofsky, through undersigned counsel, Jennifer Merrigan, hereby files a motion to set aside his judgment of conviction under 18 U.S.C. § 924(c) (Count 3), pursuant to 28 U.S.C. § 2255. As explained below, Mr. Agofsky's conviction must be vacated in light of the Supreme Court's recent decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), which invalidated the "residual" clause of § 924(c) as violating due process, and *Welch v. United States,* 578 U.S. __, 136 S. Ct. 1257 (2016).  *Welch* held that the rule established in *Johnson v. United States*, which invalidated a nearly identical provision*,* has retroactive effect in cases on collateral review. *See Johnson v. United States*, 576 U.S. 591 (2015).

Mr. Agofsky's conviction on Count 3 served as an aggravating factor that a jury found in support of a death sentence imposed on Mr. Agofsky in the Eastern District of Texas in 2004. *See United States v. Shannon Agofsky*, Special Verdict Form, D. Ct. No. 1:03-cr-173-01, Doc. Nos. 177, 180 (July 16, 2004).

## INTRODUCTION

On November 23, 1992, following a jury trial in the Western District of Missouri, Mr. Agofsky was convicted and sentenced on one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). The count alleged that the underlying "crime of violence" for the § 924(c) charge was bank robbery, 18 U.S.C. §§ 2113(a), (d), and

(e). However, bank robbery categorically fails to qualify as a "crime of violence."

Therefore, Mr. Agofsky is innocent of the § 924(c) offense, and his conviction on

Count 3 of the indictment is void.

The relevant portion of § 924(c) defining a "crime of violence" has two

clauses. The first clause, § 924(c)(3)(A), is commonly referred to as the force

clause. The other, § 924(c)(3)(B), is commonly referred to as the residual clause.[1]

The residual clause is now void for vagueness in light of *Johnson* and *Davis.* Mr.

Agofsky's bank robbery offense fails to qualify as a "crime of violence" under §

924(c)'s remaining force clause, § 924(c)(3)(A), because a person may commit a

bank robbery by extortion, or by intimidation without the intentional or knowing

use, attempted use, or threatened use of violent physical force. *See United States v.*

*Yockel*, 320 F.3d 818 (8th Cir. 2003). Therefore, the "crime of violence" element

cannot be satisfied under § 924(c), and a conviction cannot be constitutionally

sustained under the statute.  Because "[i]t is a cardinal rule…that one panel is

---

[1] Section 924(c)(3) defines "crime of violence" as follows:

> (3)    For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –
>
> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

bound by the decision of a prior panel," *United States v. Anderson*, 771 F.3d 1064, 1066–67 (8th Cir. 2014), any later decision treating bank robbery as a crime of violence is not binding precedent. *See*, *e.g.*, *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016).

As a result, Mr. Agofsky 's § 924(c) conviction (1) violates due process, (2) violates the United States laws and results in a fundamental miscarriage of justice, and (3) was entered in excess of the district court's jurisdiction. Mr. Agofsky is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Davis* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Mr. Agofsky's petition is timely under 28 U.S.C. § 2255(f)(3) because he  has filed it within one year of the Supreme Court's decision in *Davis*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." *See Welch v. United States,* 578 U.S. __, 136 S. Ct. 1257, 1264-65 (2016). Therefore, Mr. Agofsky respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and resentence him.

## STATEMENT OF FACTS

### A.    Conviction and Sentencing

Mr. Agofsky was indicted for and convicted of using and carrying a firearm during and in relation to a felony crime of violence, 18 U.S.C. § 924(c), in a jury

3

trial that concluded on September 22, 1992.[2] *United States v. Shannon Agofsky et al.,* No. 3:92-cr-05006-RED, ECF Nos. 1, 198. He was sentenced on November 23, 1992, to an aggregate term of life plus 60 months, with the 60-month sentence on Count 3 running consecutive to the other two counts. *Id.*, ECF No. 257.

### B.      Direct Appeal

Mr. Agofsky appealed under Docket No. 92-3767 to the Court of Appeals for the Eighth Circuit, which affirmed the convictions and sentences on April 1, 1994. *United States v. Agofsky*, 20 F.3d 866 (8th Cir. 1994). The court rejected Mr. Agofsky's claims that: (1) the government had failed to prove his guilt by sufficient evidence; (2) his trial should have been severed from that of his co-defendant; (3) the trial court improperly denied alibi instructions; (4) the court improperly failed to rule on motions filed on his behalf by his mother; (5) the police inventory search of his car violated his constitutional rights; (6) the admission of the deceased's dental records was reversible error; and (7) the prosecutor committed summation misconduct. *Id.* Certiorari was denied on October 17, 1994. *Agofsky v. United States*, 513 U.S. 949 (1994).

---

[2] Mr. Agofsky was also convicted of conspiracy in violation of 18 U.S.C. § 371 (Count 1) and bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (e) (Count 2). This petition does not implicate those counts.

## C. Previous § 2255 Petitions

Mr. Agofsky subsequently moved for relief pursuant to 28 U.S.C. § 2255. No hearing was held, and the motion was denied on June 19, 1997 (District Court Docket No. 3:92-cr-05006, Doc. No 298). Mr. Agofsky sought to appeal the denial of the motion to the Eighth Circuit, which denied a certificate of appealability on March 2, 1998 (Doc. No. 311). The court treated a supplement to the notice of appeal as a petition for authorization to file a second § 2255 motion, and denied the petition (Doc. 311).

On February 16, 2012, Mr. Agofsky filed, under seal, a petition with the Eighth Circuit seeking authorization to file a second § 2255 motion on the grounds that newly discovered evidence required vacation of the conviction, that he was actually innocent, and that the government had withheld exculpatory evidence. The court denied the petition on June 5, 2013. *See Shannon Agofsky v. United States*, No. 12-1397.

On May 6, 2016, Mr. Agofsky filed, under seal, a petition with this Court seeking authorization to file a third § 2255 motion on the grounds that the Supreme Court's decision in *Johnson* invalidated his conviction under § 924(c), because the residual clause was unconstitutionally vague and his bank robbery conviction did not satisfy the force clause. This Court denied the petition on October 11, 2016. *See Shannon Agofsky v. United States*, No. 16-2185.

**D.** *Johnson*, *Dimaya*, *Davis*, **and** *Welch*

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), which overruled *Sykes v. United States*, 564 U.S. 1 (2011), and *James v. United States*, 550 U.S. 192 (2007), and invalidated the Armed Career Criminal Act's ("ACCA's") residual clause as too vague to provide adequate notice under the Due Process Clause. The Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2257. Finding the residual clause "vague in all its applications," the Court overruled its contrary decisions in *Sykes* and *James*. *Id*. at 2562-63.

On April 18, 2016, the Court decided in *Welch* that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016).

On April 17, 2018, the Supreme Court decided *Sessions v. Dimaya*, holding that the residual clause under 18 U.S.C. § 16(b) was unconstitutionally vague. 138 S. Ct. 1204 (2018). The Court determined that this provision was similar to the

6

residual clause contained in the ACCA that was invalidated in *Johnson*, and therefore, this provision was also unconstitutionally vague.[3] The provision invalidated in *Dimaya* is identical to the residual clause contained in § 924(c).

On June 24, 2019, the Supreme Court concluded in *United States v. Davis* that there was "no material difference" between the residual clauses contained in the ACCA, § 16, and § 924(c), and therefore that § 924(c)'s residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019). *Davis* extended *Johnson's* holding to § 924(c)(3)(B).

After *Johnson*, *Welch*, *Dimaya,* and *Davis*, Mr. Agofsky's § 924(c) conviction cannot be sustained for the reasons set forth below.

On _____, the Court of Appeals for the Eighth Circuit authorized Mr. Agofsky to file this petition.

---

[3] The residual clause under the ACCA defines a violent felony as: "[an enumerated felony], or otherwise involves conduct that *presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(b) (emphasis added).

The residual clause under § 16(b) defines a crime of violence as: "any other offense that is a felony and that, by its nature, *involves a substantial risk that physical force against the person or property of another* may be used in the course of committing the offense." 18 U.S.C. § 16(b) (emphasis added).

The residual clause under § 924(c)(3)(B) defines a crime of violence as: "that by its nature, *involves a substantial risk that physical force against the person or property of another* may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B) (emphasis added).

# ARGUMENT

**I.     MR. AGOFSKY'S CONVICTION UNDER § 924(C)(3)(A) (THE "FORCE" CLAUSE) CANNOT STAND BECAUSE BANK ROBBERY CAN BE COMMITTED BY EXTORTION, WHICH DOES NOT CONTAIN AS AN ELEMENT THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE.**

For a conviction to constitute a qualifying predicate under 18 U.S.C § 924(c)(3)(A), a court must find that the underlying offense contains "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C § 924(c)(3)(A).

When sentencing courts determine whether an offense constitutes a "crime of violence" under the force clause, they must employ a categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Martin v. Gerlinski*, 133 F.3d 1076, 1080 (8th Cir. 1998). Under this approach, courts look not to the facts of a case, but to statutory definitions and elements of the underlying offense. *Taylor v. United States*, 495 U.S. 575, 602 (1990).

The formula is simple: for an offense to be considered categorically a crime of violence, the *least serious conduct* that could result in a conviction must meet the force element of 18 U.S.C § 924(c)(3)(A), defined as the "use, attempted use, or threatened use of physical force against the person or property of another." *See Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (determining whether an offense is a crime of violence by first presuming that the conviction rested on "the least of

8

the acts criminalized"); *see also United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (holding that the "most innocent conduct" that would satisfy the elements of an offense must satisfy the force requirement in order for an underlying offense to be considered a crime of violence under sentencing guidelines that contain a force clause identical to § 924(c)(3)(A)).

When a statute is divisible, i.e., when it includes alternative elements creating multiple versions of the crime, a court may use the modified categorical approach (by consulting a limited number of documents such as the charging document) to determine which of the various offenses was the offense of conviction. *See Descamps,* 570 U.S. at 260 (explaining that the modified approach "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction"). When, on the other hand, a statute is indivisible, i.e., when it merely lists "multiple, alternative *means* of satisfying one (or more) of its elements," courts must use the categorical approach. *See Mathis*, 136 S. Ct. at 2248 (emphasis added). When a statute "enumerates various factual means of committing a single element," a court cannot inquire how the defendant committed the offense and rather must consider the least culpable conduct that can satisfy that element as a whole. *Id.* at 2249, 2255. *Mathis* contrasted elements (i.e., "the things the prosecution must prove to sustain a conviction") with factual means (i.e.,

9

"circumstances or events having no legal effect or consequences"). *Id.* at 2248

(internal quotation marks, alterations, and citations omitted). Alternative elements

"define multiple crimes[,]" while alternative factual means are "alternative

methods of committing [a] single crime." *Id*. at 2249-50.

**A.    Section 2113(a) is indivisible.**

Here, the statutory language of § 2113(a) demonstrates that "by force and

violence," "by intimidation," and "by extortion" are three factual "means" of

committing the single indivisible crime of bank robbery.[4]

To begin, the statute provides a single penalty for bank robbery that does not

depend on whether the defendant used "force and violence," "intimidation," or

"extortion." *See* 18 U.S.C. § 2113(a) (stating that takings committed by force and

---

[4] In its entirety, § 2113(a) provides as follows:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

10

violence, by intimidation, and by extortion are punishable by a "fine[] under this title or imprison[ment] not more than twenty years, or both"). Thus, the terms do not create "two different offenses, one more serious than the other." *Mathis*, 136 S. Ct. at 2249; *id.* at 2256 ("If statutory alternatives carry different punishments, then under *Apprendi* they must be elements."). Instead, each term defines an equally serious way of the committing the offense. Section 2113(a)'s text also indicates that these three means are simply ways of completing an element. *See id.* at 2250 (describing "means" as different ways of "fulfilling an element"). That is, "by force and violence," "by intimidation," and "by extortion" are each methods of wrongfully obtaining bank monies.

The history of this section confirms that bank robbery is a single offense that can be accomplished "by force and violence," "by intimidation," or "by extortion." Prior to 1986, § 2113(a) included only obtaining money "by force and violence" or "by intimidation." *See United States v. Holloway*, 309 F.3d 649, 651 (9th Cir. 2002); *United States v. Selfa*, 918 F.2d 749, 750 n.1 (9th Cir. 1990) (interpreting the pre-1986 statute). A circuit split ensued over whether the provision covered wrongful takings in which the perpetrator was not physically inside the bank. H.R. Rep. No. 99-797 sec. 51 & n.16 (1986) (collecting cases). Most circuits held that it did cover such "extortionate" takings. *Id.*

Consistent with those circuits' decisions, the 1986 amendment added language to clarify that "extortion" was a prohibited means of extracting money from a bank. *Id.* ("Extortionate conduct is prosecutable [] under the bank robbery provision . . . ."). This history demonstrates that Congress did not intend to create a new offense when it added "by extortion" to the statute. Rather, Congress added this language to clarify that such conduct was included within bank robbery. *See* Fed. Crim. Jury Instr. 7th Cir. (2012) (advising in the instruction for "Bank Robbery—Elements," that "[§ 2113(a)] includes a means of violation for whoever 'obtains or attempts to obtain by extortion.' If a defendant is charged with this means of violating the statute, the instruction should be adapted accordingly"); *United States v. Askari*, 140 F.3d 536, 548 (3d Cir. 1998) (en banc) ("If there is no taking by extortion, actual or threatened force, violence, or intimidation, there can be no valid conviction for bank robbery under 18 U.S.C. § 2113(a)."), *opinion vacated on other grounds*, 159 F.3d 774.

Because "by extortion" is not a stand-alone element, a jury need not determine unanimously whether the taking was "by extortion" or by some other means. *Mathis*, 136 S. Ct. at 2256. A jury may convict a person even if jurors do not unanimously agree on *how* a person wrongfully obtained bank monies, whether it be (i) by force and violence inside the bank, (ii) by intimidation inside the bank, or (iii) by extortion from outside the bank. *See* H.R. Rep. No. 99-797 sec. 51

12

(giving as an example of "extortionate conduct" the situation where "a perpetrator who, from a place outside the bank, threatens the family of a bank official in order to cause the bank official to remove money from the bank and deliver it to a specified location"). A person could make a demand for money while standing in front of a bank teller, or a person could call the bank teller and make the same demand; a jury need not unanimously decide which happened in order to convict, because the person's location is merely a factual circumstance. *Cf. Mathis*, 136 S. Ct. at 2250 ("Each of the terms serves as an alternative method of committing the single crime of burglary, so that a jury need not agree on which of the locations was actually involved.") (internal quotation marks, citations, and alteration omitted); *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015) ("[T]he jury can return a guilty verdict even if some jurors believe the defendant took property from the victim's person and other jurors believe the defendant took the property from the victim's immediate presence[] [or if] some jurors believe the defendant used force and others believe the defendant used fear.").

Like the Iowa bank robbery statute at issue in *Mathis,* which "itemize[d] the various places that crime could occur as disjunctive factual scenarios rather than separate elements," so too does § 2113(a) itemize the various *ways* that crime could occur as disjunctive factual scenarios. *Mathis*, 136 S. Ct. at 2249.

Because "by extortion" is a factual means of wrongfully obtaining bank monies, it does not create a divisible, independent offense. Turning next to examine the least of the acts criminalized, no element of § 2113(a) requires the use or threatened use of violent force inherent in a "crime of violence."

**B.      The least of the acts criminalized under § 2113(a) is extortion by non-violent means.**

Section 2113(a) may be completed "by force, or violence," "by intimidation," and "by extortion." The least culpable way of completing bank robbery appears to be "by extortion," which is accomplished with "wrongful use of actual or threatened force, violence, or fear." *Askari*, 140 F.3d at 548.

Notably, wrongful "fear" need not involve fear of physical force. *United States v. Valdez*, 158 F.3d 1140, 1143 n.4 (10th Cir. 1998) (observing that "an individual may be able to commit a bank robbery under the language of 18 U.S.C. § 2113(a) 'by extortion' without the threat of violence"). As the Supreme Court noted in *Johnson*, "The act of making an extortionate demand…does not, in and of itself, normally cause physical injury. Rather, risk of injury arises because the extortionist might engage in violence *after* making his demand." 135 S. Ct. at 2557. Indeed, extortion can be committed by putting another person in fear of financial or reputational loss. *See id.* at 2558 (noting that "the typical extortionist" might "threaten his victim by mail with the revelation of embarrassing personal information" rather than threatening a victim with force); *Bouveng v. NYG Capital*

14

*LLC*, 2016 WL 1312139, at *30 (S.D.N.Y. Mar. 31, 2016) (extortion by threatening to initiate lawsuit); *Azzara v. United States*, 2011 WL 5025010, at *3 (S.D.N.Y. Oct. 20, 2011) (extortion by threatening to give sexually explicit videotapes to employer).[5]

Extortion can also be committed by holding a bank employee's family member for ransom without using or threatening force. *See United States v. Carpenter*, 611 F.2d 113, 114 (5th Cir. 1980). As the Supreme Court recognized recently, holding a person for ransom need not involve any violence whatsoever. *See Torres v. Lynch*, 136 S. Ct. 1619, 1629 (2016) ("The 'crime of violence' provision [of 18 U.S.C. § 16] would not pick up demanding a ransom for kidnapping.").

Because bank robbery may be committed by extortion, it does not contain "an element [necessarily involving] the use, attempted use, or threatened use of physical force[.]" 18 U.S.C. § 924(c)(3)(A). Mr. Agofsky's crime of conviction therefore does not qualify as a crime of violence on this ground alone.

---

[5] These cases concerned convictions for Hobbs Act extortion, not § 2113(a), but Congress intended the two to cover this same activity. *See Holloway*, 309 F.3d at 651; H.R. Rep. No. 99-797 sec. 51 ("Extortionate conduct is prosecutable either under the bank robbery provision or the Hobbs Act…."). Indeed, Hobbs Act extortion involves "force, violence, or fear"—the same language used to define "by extortion" in § 2113(a). *See Askari*, 140 F.3d at 548 n.16. Hobbs Act extortion can also be committed "under color of official right," but that aspect was not at issue in *Bouveng* or *Azzara*.

**II. MR. AGOFSKY'S CONVICTION UNDER THE "FORCE" CLAUSE CANNOT STAND BECAUSE BANK ROBBERY BY INTIMIDATION DOES NOT REQUIRE PROOF OF AN INTENTIONAL THREAT.**

For a conviction to constitute a qualifying predicate under 18 U.S.C § 924(c)(3)(A), the government must prove not only force, but also the actor's intent to use force. The federal crime of bank robbery under 18 U.S.C. § 2113(a) cannot qualify under the force clause because the crime may be committed without proving intent. As § 2113 bank robbery lacks the scienter element that § 924(c)(3)(A) requires, Mr. Agofsky's conviction cannot stand.

**A. Under Supreme Court and Court of Appeals precedent, offenses must contain as an element the *intentional* use of force in order to satisfy the force clause under § 924(c)(3)(A).**

Addressing an identically phrased statute, the Supreme Court has ruled that a predicate offense does not constitute a "crime of violence" if it can be committed without the intentional use or intentional threat of physical force. *Leocal v. Ashcroft*, 543 U.S. 1 (2004). Leocal was subject to deportation because of a drunk driving conviction resulting in the injury of two persons, under a statute that did not include any *mens rea* requirement. At issue in *Leocal* was the force clause in 18 U.S.C. § 16, which, like § 924(c)(3)(a), defines a crime of violence as an offense "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The Supreme Court held that this language "most naturally suggests a higher degree of intent than negligent

16

or merely accidental conduct." *Id.* at 9. Accordingly, Leocal's DUI conviction did not qualify as a crime of violence. *Id.* at 12-13.

The Eighth Circuit followed *Leocal* in *United States v. Torres-Villalobos*, 487 F.3d 607, 616-17 (8th Cir. 2007), recognizing that an offense does not satisfy the force clause under § 16(a) if the offense only requires negligence or if the *mens rea* element is absent altogether. *Id.* at 615. The Court determined that *Leocal* superseded a prior decision that had held that involuntary manslaughter was a crime of violence under § 16(a)'s force clause. *Id.* at 616; *see also United States v. Moore*, 38 F.3d 977 (8th Cir. 1994). The court explained that "*Leocal* held that offenses that have no *mens rea* component or require only a showing of negligence are not crimes of violence," and furthermore that the Supreme Court's reasoning in *Leocal* suggests that reckless conduct is not sufficient to satisfy the force clause. *Torres-Villalobos*, 487 F.3d at 616-17.[6] It is the *mens rea* for the use or threatened use of force that qualifies the underlying offense as a crime of violence.

---

[6] More recently, in *United States v. Stewart*, 711 F. App'x 810, 811 (8th Cir. 2018), a panel of the Eighth Circuit, in a non-precedential opinion, affirmed a sentence under the ACCA's force clause based on the underlying crime of aggravated assault because "reckless conduct can, in certain circumstances, be a 'use' of physical force." However, in this Circuit, "[i]t is a cardinal rule…that one panel is bound by the decision of a prior panel." *United States v. Anderson*, 771 F.3d 1064, 1066-67 (8th Cir. 2014) (quoting *United States v. Betcher*, 534 F.3d 820, 823 (8th Cir. 2008)). To the extent that unpublished, non-precedential decisions like *Stewart* contradict precedential cases like *Torres-Villalobos* by eliminating the distinction

Other circuits have also interpreted *Leocal* as prohibiting reliance on the negligent or reckless use of force to satisfy comparable force clauses. In *United States v. Dixon*, the Ninth Circuit determined that a California robbery statute that criminalized the taking of property "by means of force or fear" did not constitute a violent felony under the ACCA's force clause because it could be committed through an accidental use of force. 805 F.3d 1193, 1197 (9th Cir. 2015). Instead, the Ninth Circuit concluded that "the use of force must be intentional, not just reckless or negligent." *Id.*; *see also United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) (holding that armed robbery was not a crime of violence under the ACCA, because a threat to use violent force "requires some outward expression of indication of an intention to inflict pain, harm, or punishment").

The Ninth Circuit also noted that under the categorical approach, even a single example showing that a person could "realistically" violate the statute without intentional, violent force means that the offense "is not categorically" a violent felony. *Dixon*, 805 F.3d at 1197-98. To support this conclusion, the Ninth Circuit cited to a prior case in which a defendant was convicted under the same statute as Dixon after stealing an unoccupied car from a parking garage and, in the

---

between the *mens rea* requirement for underlying offenses the *mens rea* requirement for the use of force, they violate *Anderson* and are invalid precedent.

course of speeding away from the scene, unintentionally running over the owner of the car. *See People v. Anderson*, 252 P.3d 968 (Cal. 2011). Acknowledging that most convictions would likely satisfy the force clause, the Ninth Circuit concluded that the "categorical approach is an 'elements based inquiry,' not an 'evidence-based one,'" and therefore that the single example of *Anderson's* set of facts required holding that the California robbery statute was not a categorically violent felony. *Dixon*, 805 F.3d at 1197-98 (quoting *Descamps*, 133 S. Ct. at 2287).

The Tenth Circuit reached a similar result in *United States v. King*, expressly holding that the force clause's intent requirement applies not only to the use of force, but also to the threatened use of force. 979 F.2d 801, 803 (10th Cir. 1992). There, the Tenth Circuit determined that a conspiracy statute did not constitute a violent felony because it did not contain as an element the threatened use of force. *Id.* The Tenth Circuit defined the "threatened use of physical force" as requiring "both an intent to use force and a communication of that intent." *Id.* (citing Black's Law Dictionary 1480 (6th ed. 1990)). Although both *Dixon* and *King* involved the force clause of the ACCA, the same approach is applied under the identically-worded 18 U.S.C. § 16(a) and § 924(c)(3)(A). *See, e.g., Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016) (relying on precedential cases involving the force clause of the ACCA and 18 U.S.C. § 16(a) to make a determination about whether an offense is a crime of violence under § 924(c)(3)(A)); *Garcia v.*

19

*Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) (holding that, because the definition of second-degree assault "does not contain an element that there be the intentional employment of physical force against a person or thing," it "is beyond the scope of 18 U.S.C. § 16(a)" and does not satisfy the force clause).

*Leocal* and cases that follow it instruct that an offense may be a crime of violence only when it requires as an element the *intentional* use, threatened use, or attempted use of force. Therefore, an offense with a lower *mens rea* requirement like negligence, or no *mens rea* requirement at all, does not have the requisite intent element to satisfy the force clause under § 924(c)(3)(A).

**B.      Under Eighth Circuit precedent, § 2113(a) does not satisfy the force clause because the intimidation element can be satisfied without proving that the intimidation was intentional.**

Under § 2113, there are three ways to commit bank robbery: by "force or violence" or by "intimidation" or "extortion." It is true that, on multiple occasions, this Court has found that the intimidation element necessarily implies a threat of force. For example, in 2016 this Court issued companion decisions denying petitions to file § 2255 motions because "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016); *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016). The defendants in these cases, Holder and Allen, had been convicted of §§ 2113(a) and (e) and sentenced under § 924(c). *Holder,* 836

20

F.3d at 892; *Allen,* 836 F.3d at 895. In sustaining those convictions, the Eighth

Circuit relied on its previous decision, *United States v. Boman*, which held that the

federal crime of robbery, 18 U.S.C. § 2111, satisfies the force clause under 18

U.S.C. § 924(c)(3)(A). *Id.; see United States v. Boman*, 810 F.3d 534, 543 (8th Cir.

2016). [7] Because the federal crime of robbery satisfies the force clause, this Court

reasoned, the federal crime of bank robbery does as well. *Holder,* 638 F.3d at 892;

*see also Kidd v. United States*, 929 F.3d 578, 582 (8th Cir. 2019); *United States v.*

*Estell*, 924 F.3d 1291, 1293 (8th Cir. 2019).

But these cases only address one statutory requirement, force, leaving

unresolved the other statutory requirement of intent. Other circuit precedent of

longer standing makes clear that the intimidation element does not necessarily

require the *intentional* use of force. Rather, it can be satisfied by a range of

conduct, some intentional and some not.

In *United States v. Yockel*, this Court upheld a conviction under § 2113(a)

even though there was no evidence that Yockel intended to put the teller in fear of

---

[7] It is questionable whether *Boman* remains good law.  The Eighth Circuit applied an incorrect divisibility analysis, ruling that the statute under which Boman was sentenced was divisible. The Supreme Court vacated that decision and remanded the case for reconsideration in light of *Mathis. Boman v. United States*, 137 S. Ct. 87 (2016). On remand, this Court did not disturb its previous holding that 18 U.S.C. § 2111 satisfied the force clause, but rather vacated Boman's sentence because his previous convictions under § 924(c)(1) were not categorically violent felonies and could not be used as predicate felonies under the ACCA's force clause. *United States v. Boman*, 873 F.3d 1035, 1042-43 (8th Cir. 2017).

any type of injury. 320 F.3d 818, 821 (8th Cir. 2003). Yockel made no sort of physical movement toward the teller, never presented her with a note demanding money, and never displayed a weapon or appeared to have a weapon. *Id.* This Court concluded that whether or not a person "intend[s] to intimidate the teller is irrelevant in determining his guilt…the intimidation element of § 2113(a) is satisfied…*whether or not* [a person] actually intended the intimidation." *Id.* at 824 (emphasis in original) (internal quotations omitted). This Court has reiterated that "whether the bank robber intended to intimidate is irrelevant," and has stated the objective test for intimidation is satisfied if an ordinary person could infer a threat of bodily harm from a bank robber's speech or actions. *United States v. Pickar*, 616 F.3d 821, 824 (8th Cir. 2010).

Under this objective test, intimidation can be proven without any demonstration of intent, so long as an ordinary person could have "reasonably perceived 'a threat of bodily harm from the bank robber's words and actions.'" *United States v. Clark*, 695 F. App'x 999, 1000 (8th Cir. 2017); *see United States v. Caldwell,* 292 F.3d 595, 596 (8th Cir. 2002) (reiterating that a person's conduct must "'constitute an intimidation to an ordinary, reasonable person'" (quoting *United States v. Smith*, 973 F.2d 603, 604 (8th Cir. 1992))). In other words, a defendant may be found guilty of federal bank robbery as long as the victim reasonably fears injury from the defendant's actions—whether or not the defendant

actually intended to create that fear. *See Estell*, 924 F.3d at 1293 ("'[T]hreat, as commonly defined, speaks to what the statement conveys—not to the mental state of the author.'" (quoting *United States v. Harper*, 869 F.3d 624, 626 (8th Cir. 2017))); *Kidd*, 929 F.3d at 581 (same); *see also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Whether a particular act constitutes intimidation is viewed objectively . . . and a defendant can be convicted under [federal bank robbery] even if he did not intend for an act to be intimidating." (internal citation omitted)); *United States v. Woodrop*, 86 F.3d 359, 364 (4th Cir. 1996) (intimidation element satisfied if ordinary person could infer threat of harm, regardless of whether defendant intended intimidation).

As *Yockel* and *Pickar* demonstrate clearly, the Eighth Circuit has concluded that when committed through intimidation, federal bank robbery under § 2113(a) may be committed whether or not a person intentionally threatens to use violent force.[8] Judge Melloy, in his dissent in *Holder* and *Allen*, noted that "*Boman* did not expressly examine the *mens rea* attached to the intimidation element of the offense" and would have found a "sufficient showing of possible merit to warrant a

---

[8] It is not necessary to resolve at this juncture whether crimes requiring more than mere negligence, e.g. recklessness, may qualify as crimes of violence, as it is clear that intimidation can be proved without regard to the "mental state of the author" of the threat. *Estell*, 924 F.3d at 1293; *see also United States v. Stewart*, 711 Fed. App'x 810, 811 (8th Cir. 2018) (non-precedential) ("[R]eckless conduct can, in certain circumstances, be a 'use' of physical force.").

fuller exploration by the district court." *Holder,* 836 F.3d at 893 (Melloy, J., dissenting) (internal citation omitted). This observation still holds.

> **C.**  ***Holder, Allen, Estell,* and *Kidd* are in conflict with *Leocal, Torres-Villalobos, Yockel,* and *Pickar***

The *Holder/Allen* line of cases cannot be reconciled with *Leocal* and *Torres-Villalobos* (force requires proof of intent at least greater than negligence) or *Yockel* and *Pickar* (intimidation can be proved without proving the actor intended to intimidate). *Torres-Villalobos*, *Yockel,* and *Pickar*, when read together, compel the conclusion that § 2113 does not satisfy the force clause of § 924(c)(3)(A).

In this Circuit, "[i]t is a cardinal rule…that one panel is bound by the decision of a prior panel." *United States v. Anderson*, 771 F.3d 1064, 1066-67 (8th Cir. 2014) (quoting *United States v. Betcher*, 534 F.3d 820, 823 (8th Cir. 2008)). This Court's recent decisions in *Holder*, *Allen* and subsequent cases, ruling that § 2113(a) satisfies the force clause under § 924(c)(3)(A), fail to squarely address *Leocal*'s intentional use-of-force requirement. To the extent these cases conflict with *Leocal*, and with the earlier precedents of *Torres-Villalobos*, *Yockel,* and *Pickar*, they are not valid precedent and do not foreclose Mr. Agofsky's claim that bank robbery fails to satisfy the force clause.

## III. SECTIONS 2113(D) AND (E) DO NOT QUALIFY AS CRIMES OF VIOLENCE AND THEREFORE CANNOT BE USED TO SUSTAIN A CONVICTION UNDER § 924(C).

### A. Because § 2113(a) is not a crime of violence, the sentence enhancements under §§ 2113(d) and (e) cannot qualify as crimes of violence.

Neither §§ 2113(d) nor (e) can independently serve as a crime of violence to justify a conviction under § 924(c)(3)(A) because both sections are dependent on the commission or attempted commission of bank robbery under § 2113(a).[9] In fact, the subsections are commonly referred to as "sentencing enhancements" of bank robbery. *See, e.g., United States v. McDuffy,* 890 F.3d 796, 802 (9th Cir. 2018) ("[Section] 2113(e) is the functional equivalent of the felony-murder rule but in the form of a sentencing enhancement."); *United States v. Carr*, 761 F.3d 1068, 1078 n.2 (9th Cir. 2014) (referring to § 2113(e) as a "sentencing enhancement");

---

[9] Subsections (d) and (e) of § 2113 provide as follows:

> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

> (e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

25

*United States v. Benson*, 918 F.2d 1, 3 (1st Cir. 1990) (referring to § 2113(d) as a "sentencing enhancement").

Courts in other circuits that have considered whether bank robbery as described in these subsections can be considered a crime of violence have not treated §§ (d) and (e) as independent crimes. For example, in *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016), the Fourth Circuit described McNeal's conviction under §§ 2113(a) and (d) as having four elements. The first three elements were derived from § 2113(a) and included that 1) a defendant took or attempted to take from a bank, 2) federally insured money, 3) using "force and violence" or "intimidation." *Id.* The last element was derived from § 2113(d): while doing the above, a defendant put a person's life in danger using a dangerous weapon. *Id.* In determining whether armed bank robbery could be a crime of violence, the Fourth Circuit focused on the intimidation element from § 2113(a) and did not consider at all whether § 2113(d) could independently serve as an underlying offense for sentencing under § 924(c)(3)(A). *Id.; see also Allen*, 836 F.3d at 895 (determining that a conviction under §§ 2113(a) and (e) constitutes a crime of violence without separating the offenses).

As a result, the fact that § 2113(a) does not meet the definition of crime of violence means that §§ 2113(d) and (e), *a priori*, cannot be considered crimes of violence under § 924(c)(3).

26

**B. In any event, neither § 2113(d) nor § 2113(e) contains the requisite *mens rea* for the use or threatened use of force to qualify as a crime of violence.**

**1. Section 2113(d)**

A person violates § 2113(d) when he "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." The government may prove either that the defendant assaulted another person by the use of a dangerous weapon or device, or that she or he put another person's life in jeopardy by the use of a dangerous weapon or device; it need not prove both. *See* Sand, et al., Modern Federal Jury Instructions-Criminal, Instruction 53-14 (2019).

This provision cannot constitute a crime of violence because, as an initial matter, a defendant may violate § 2113(d) without any intent to threaten or use physical force. *See Morrow v. United States*, 408 F.2d 1390, 1391 (8th Cir. 1969) (holding that the test under § 2113(d) "is an objective one," with the only relevant inquiry being "whether [the victim's] life was put in danger by the use of a dangerous weapon" (internal quotations omitted)). Indeed, a defendant can violate the provision merely by carrying a gun during the bank robbery because "he feels secure with it," even without any intent to intimidate another. *United States v. Martinez-Jimenez*, 864 F.2d 664, 667 (9th Cir. 1989). Under § 2113(d), no nexus is required between the weapon and the intimidation. He or she "need not brandish" the weapon "in a threatening manner" or "make assaultive use of the device." *Id.*; *see also United States v. Bennett*, 675 F.2d 596, 599 (4th Cir. 1982) ("A weapon

27

openly exhibited by a robber during a robbery" without more is sufficient to constitute a violation under § 2113(d)). Therefore, armed bank robbery under § 2113(d) fails to satisfy the necessary intentional *mens rea* under the force clause.

### 2. Section 2113(e) contains no heightened *mens rea* requirement besides the state of mind required for the underlying offense of § 2113(a).

The last subsection under which Mr. Agofsky was convicted in Count 3, 18 U.S.C. § 2113(e), requires that, in the course of committing a robbery or eluding punishment for the offense, the defendant either kill a person or force a person "to accompany him without the consent of such person." The offense contains no scienter requirement other than "'knowingly' committing the underlying bank robbery." *United States v. Jackson*, 736 F.3d 953, 958 (10th Cir. 2013). Thus, Courts of Appeals, including the Eighth Circuit, have repeatedly found that § 2113(e) does not require proof that the defendant intentionally or knowingly committed the act of killing or forced accompaniment criminalized by the statute. *See, e.g., Allen*, 247 F.3d at 782 ("Because the plain language of [18 U.S.C. § 2113(e)] says simply 'kills,' and not 'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that [Congress] did not intend to add an additional scienter requirement to the killing component of the crime." (quoting *United States v. Poindexter*, 44 F.3d 406, 409 (6th Cir. 1995))); *McDuffy*, 890 F.3d at 802 (holding that "Congress intended to omit a *mens rea* requirement"

28

from § 2113(e) because it "makes no mention of a *mens rea* and even describes the killing in the passive voice"); *United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014) ("[It is] irrelevant that Vance appears not to have intended to kill the teller in the second bank robbery. . . . It is reasonably clear that the language we quoted from [§ 2113(e)] dispenses with any requirement of proving intent to kill."); *United States v. Walker*, 919 F.2d 501, 502 (8th Cir. 1990) (upholding conviction for forced accompaniment under § 2113(e) where teller drove defendant from crime scene pursuant to an instruction from bank manager to "give a customer a ride" and evidence showed she felt "compelled" to do so, even though defendant "never exhibited the weapon to the teller" or "made any threatening gestures").

Furthermore, a number of circuits have held that § 2113(e) is the equivalent of a felony murder provision, and therefore, like felony murder, has no additional *mens rea* requirement besides the *mens rea* required for the underlying offense. *See, e.g., McDuffy*, 890 F.3d at 802 (holding that "the only *mens rea* required [for conviction under § 2113(e) is the *mens rea* necessary to commit the underlying bank robbery"); *Vance*, 764 F.3d at 675 (noting that § 2113(e) "duplicates the felony murder rule"); *Allen*, 247 F.3d at 782 (determining that § 2113(e) "is like common law felony murder" and "does not require a finding of specific intent to kill"). Therefore, since there is no additional *mens rea* requirement for § 2113(e) and the underlying offense of § 2113(a) does not contain the requisite *mens rea* to

satisfy a conviction under § 924(c)(3)(A), neither can a conviction under § 2113(e).

Given that § 2113(e) does not require a knowing or intentional state of mind to commit the very acts criminalized in that section, the statute cannot be read to require the requisite *mens rea* for the use or threatened use of force. As a result, it categorically fails to qualify as a "crime of violence."

**IV. MR. AGOFSKY IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE (1) HIS CLAIM UNDER *JOHNSON* AND *DAVIS* IS COGNIZABLE, (2) IT SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(H)(2), AND (3) IT IS TIMELY.**

**A. Mr. Agofsky's claim is cognizable under § 2255(a).**

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction. 28 U.S.C. § 2255(a). Mr. Agofsky is entitled to relief on all these grounds.

First, based on all the reasons noted above, Mr. Agofsky's § 924(c) conviction violates due process because it was dependent upon an unconstitutionally vague residual clause. Second, because, under the force clause, the relevant form of bank robbery categorically fails to satisfy the "crime of violence" element of § 924(c), the indictment failed to state an offense, and Mr. Agofsky now stands convicted of an offense that is no longer criminal. This means that his conviction violates the United States laws and results in a miscarriage of

justice. The Supreme Court has held that exactly this type of error is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255"). Third, Mr. Agofsky's conviction has been entered in excess of this Court's jurisdiction, because not only did the indictment fail to state a § 924(c) offense, but it affirmatively alleged conduct that is outside of the sweep of § 924(c). Specifically, Count 3 of the indictment alleged the use of a firearm during and in relation to bank robbery, but as discussed above, under the categorical approach, the relevant form of bank robbery (§§ 2113 (a), (d), and (e)) can never qualify as a § 924(c) "crime of violence." In turn, a § 924(c) conviction can never be sustained based on the underlying offense of bank robbery under §§ 2113 (a), (d), and (e), no matter what the facts are.

Simply put, Count 3 altogether fails to state a § 924(c) offense. Thus, Mr. Agofsky's conviction is a legal nullity that was entered in excess of this Court's jurisdiction and must be vacated. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls

31

outside the sweep of the charging statute."); *United States v. Barboa*, 777 F.2d 1420, 1423 n.3 (10th Cir. 1985) ("If Barboa pled guilty to something which was not a crime, he is not now precluded from raising this jurisdictional defect, which goes 'to the very power of the States to bring the defendant into court to answer the charge brought against him.'") (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)).

**B. Mr. Agofsky's successive motion satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Davis* announced a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.**

Mr. Agofsky files this successive motion pursuant to 28 U.S.C. § 2255(h)(2) after receiving authorization from the Eighth Circuit. That section requires that, before this Court can consider a successive motion, the appropriate Court of Appeals must certify as provided in 28 U.S.C. § 2244(b)(3)(C) that a successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." The Eighth Circuit authorized this motion upon concluding that Mr. Agofsky had made a prima facie showing that he might satisfy those criteria. But Mr. Agofsky now demonstrates that, beyond a prima facie showing, he in fact fully satisfies the requirements of § 2255(h)(2).

### 1. *Davis* announced a previously unavailable new rule of constitutional law.

First, the Supreme Court's decision in *Davis* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Davis* is new because it applies *Johnson*'s express overruling of *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness, to the context of § 924(c). *See Davis,*139 S. Ct. at 2324 (holding for the first time that § 924(c)(3) "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague" ); *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."); *Welch*, 136 S. Ct. at 1264 (noting it is "undisputed" that *Johnson* announced new rule).

Second, there is no question that *Davis* announced a rule "of constitutional law." *Johnson* expressly held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of the clause in increasing a statutory minimum or maximum sentence. *Id*. Similarly, *Davis* announced a new rule of constitutional law because it established that §

924(c)(3)(b) "must be held unconstitutional" due to the "'unpredictability and arbitrariness'" that the residual clause's categorical inquiry creates. *Davis,* 139 S. Ct. at 2326-27. *Davis* held that § 924(c)(3)'s residual clause is a vague law, the enforcement of which is prohibited under "the twin constitutional pillars of due process and separation of powers." *Id.* at 2325.

Finally, the result in *Davis* was not previously available to Mr. Agofsky. Despite the Supreme Court's decision in *Johnson*, the Eighth Circuit previously rejected Mr. Agofsky's claim that *Johnson* required the conclusion that § 924(c)(3)'s residual clause was unconstitutionally vague. *See Agofsky v. United States*, No. 16-2185 (8th Cir. Oct. 11, 2016) (denying petition for authorization to file successive habeas petition in district court). Until the Supreme Court decided *Davis*, the Eighth Circuit's 2016 ruling foreclosed any collateral attack in this Court. The rule of *Johnson* that *Davis* extends to § 924(c)(3) is only now available to Mr. Agofsky.

> **2.    The Supreme Court has made *Johnson* retroactive to cases on collateral review, and therefore Davis is retroactive to cases on collateral review.**

Under *Teague*, 489 U.S. 288, a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d

34

141, 145 (4th Cir. 2013); *Burton v. Fabian*, 612 F.3d 1003, 1009 (8th Cir. 2010). *Johnson* and *Davis* satisfy both requirements.

As previously discussed, the Supreme Court found in *Welch* that it was "undisputed" that *Johnson* announced a new rule. *Welch*, 136 S. Ct. at 1264. Since *Davis* announces the same rule specifically with respect to § 924(c), *Davis*, too, announces a new rule.

*Welch* also held that the *Johnson* rule is substantive, and therefore, the *Davis* rule is substantive, as well. Under *Johnson,* the rule changed the substantive reach of the ACCA, altering the "range of conduct or class of persons" that the Act punishes. *Id*. (quoting *Summerlin*, 542 U.S. at 353). It is not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced" under the Act. *Id*. at 1265. Thus, the Court concluded:

> *Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied. *Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.

*Id.* Just as *Johnson* "affected the reach of the underlying statute" and is therefore "a substantive decision [having] retroactive effect under *Teague* in cases on collateral review," so too does the Court's decision in *Davis*.

Taken together, *Davis* and *Johnson* narrow the scope of 18 U.S.C. § 924(c) and "necessarily carry a significant risk that a defendant stands convicted of an act

35

that the law does not make criminal." *Summerlin*, 542 U.S. at 352. Section 924(c) criminalizes carrying a firearm during a "crime of violence." *Davis* establishes that certain convictions cannot be considered "crimes of violence" consistent with due process, and thus alters what conduct § 924(c) makes criminal. A defendant stands convicted of an act that the law does not make criminal, where, as here, the defendant has been convicted under § 924(c) for using a firearm in connection with some crime that, under *Davis*, cannot constitutionally be considered a "crime of violence." *Bousley v. United States*, 523 U.S. 614, 620 (1998) (ruling that narrows elements of 18 U.S.C. § 924(c) is substantive, and thus retroactive, because it "hold[s] that a substantive federal criminal statute does not reach certain conduct, [and] plac[es] conduct beyond the power of the criminal law-making authority to proscribe[.]" (internal quotations and citations omitted)).

The *Davis* rule applies retroactively to Mr. Agofsky's collateral attack on his § 924(c) conviction.

### C.  This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Davis* on June 24, 2019, and Mr. Agofsky

36

has filed his claim within a year of that date. As discussed above, the Supreme

Court recognized a new right in *Davis*, and announced a substantive rule that is

therefore retroactive to cases on collateral review.

**CONCLUSION**

For the reasons set forth above, this Court should vacate Mr. Agofsky's §

924(c) conviction. A proposed Order is attached.

Respectfully submitted,

/s/ Jennifer Merrigan

| JENNIFER MERRIGAN | CLAUDIA VAN WYK |
|---|---|
| MO Bar #56733 | PA Bar # 95130 |
| The Phillips Black Project | Assistant Federal Defender |
| 1901 South 9th Street, 501 | Federal Community Defender Office |
| Philadelphia, PA 19148 | Capital Habeas Unit |
| Telephone (888) 532-0897 | 601 Walnut Street, Suite 545W |
| Facsimile (888) 543-4964 | Philadelphia, PA 19081 |
| | Telephone (215) 928-0520 |
| | Facsimile (215) 928-0826 |

*Counsel for Shannon Agofsky*

*Of Counsel*

Dated: May 22, 2020

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2020, a copy of the foregoing pleading was delivered via electronic filing to Timothy A. Garrison, United States Attorney, Western District of Missouri, Charles Evans Whittaker Courthouse, U.S. Attorney's office, Room 5510, 400 East 9th Street, Kansas City, MO 64106.

/s/ Jennifer Merrigan
Jennifer Merrigan