**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

SHANNON WAYNE AGOFSKY,

    Petitioner,

    v.               No. 20-2030

UNITED STATES OF AMERICA,

    Respondent.

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO PETITIONER'S**
**REQUEST TO FILE SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255**

The respondent, the United States of America, respectfully requests that this Court deny the petition filed by Shannon Wayne Agofsky requesting certification to file a successive motion under 28 U.S.C. § 2255. The United States provides the following suggestions in opposition to the petition:

**I. Summary**

Agofsky was convicted by a jury and sentenced to concurrent sentences of five years' imprisonment for conspiracy to rob a federally insured bank, 18 U.S.C. § 371, and life imprisonment for armed (or sometimes called "aggravated") robbery of a federally insured bank involving the killing of another person under 18 U.S.C. § 2113(a), (d), and (e), and a consecutive five-year term of imprisonment for using

a firearm during the commission of a federal crime of violence, in violation of 18 U.S.C. § 924(c)(1).

Agofsky appealed, arguing that the evidence was insufficient and alleging various trial procedural and evidentiary errors. A panel of this Court affirmed. *United States v. Agofsky*, 20 F.3d 866 (8th Cir. 1994). Agofsky filed an initial § 2255 motion, which was denied. In a subsequent federal criminal prosecution in the Eastern District of Texas, involving the murder of his cellmate, Agofsky was convicted and sentenced to death after a jury trial for "federal murder," in violation of 18 U.S.C. § 1111. *See United States v. Agofsky*, 516 F.3d 280 (5th Cir. 2008).

Agofsky now has filed a motion seeking to vacate the consecutive sentence he received for using a firearm during the commission of armed bank robbery, relying on *United States v. Davis*, 588 U.S. —, 139 S.Ct. 2319 (2019). Agofsky contends that post-*Davis* the predicate of federal armed bank robbery is no longer a crime of violence, and his § 924(c) conviction must be vacated as a result.

Agofsky's claim is legally erroneous and should be denied. This Court has repeatedly ruled that the lesser-included offense of federal bank robbery under 18 U.S.C. § 2113(a) is a "crime of violence," and in this case Agofsky was convicted of the greater offense of aggravated or armed bank robbery under § 2113(d), which unquestionably qualifies as a "crime of violence," since it requires proof of an assault or a life-jeopardizing act using a "dangerous weapon or device." *See* § 2113(d).

## II. Statement of the Case

In October 1989, Agofsky and his brother, Joseph Anthony Agofsky, robbed the State Bank of Noel, in southwest Missouri.[1] A bank employee discovered the robbery on the morning of October 6, 1989. Dan Short, the bank's president, was missing and the robbers made off with $71,562.25, which included a large amount of rolled coins. Short's truck was located later that morning in a parking lot three miles from Noel. Seven rolls of pennies were located in the truck bed. Five days later, Short's body was found floating in Grand Lake of the Cherokees in northeastern Oklahoma. Investigators found a chair, a concrete block, and a chain hoist attached with gray duct tape to Short's ankle. A wallet contained Short's identification. Dental records confirmed the body was Short. The medical examiner determined that drowning was the cause of death. After a lengthy investigation, Shannon and Joseph Agofsky were arrested and charged in the instant underlying criminal case.

On April 16, 1992, a superseding indictment charged the Agofskys with (1) conspiracy to rob a federally insured bank with the use of a firearm and to kill Bank President Dan Short, in violation of 18 U.S.C. § 371; (2) armed robbery of a federally insured bank involving the killing of another person, specifically alleging

---

[1]The offense conduct is summarized from this Court's opinion without further citation. *Agofsky*, 20 F.3d at 868-69.

robbery by "force and violence and by intimidation," in violation of 18 U.S.C. § 2113(a), (d), and (e); and (3) use of a firearm during the commission of a federal crime of violence, namely, the armed bank robbery, in violation of 18 U.S.C. § 924(c)(1). (Crim. DCD 21.)[2]

On September 14, 1992, Agofsky proceeded to jury trial. (Crim. DCD 178.) As to the armed bank robbery, in the related Jury Instruction No. 24, the district court instructed that to return a guilty verdict, it must find the robbery was committed "by force and violence," that Agofsky forced Short to accompany him to Missouri and then Oklahoma, where Agofsky killed Short. (Crim. DCD 194.) On September 22, 1992, the jury convicted Agofsky of all three counts. (Crim. DCD 196-198.) The district court sentenced Agofsky to five years' imprisonment on the conspiracy count and life imprisonment on the armed bank robbery count, to be served concurrently, and five years' imprisonment on the § 924(c) count to be served consecutively to the other sentences.

Agofsky appealed, raising claims of trial and evidentiary errors and contending the evidence was insufficient. This Court affirmed. *Agofsky*, 20 F.3d at 869-74. Agofsky filed a motion under § 2255 that was denied by the district court.

---

[2]"Crim. DCD" refers to the docket entry in the criminal matter, *United States v. Agofsky*, 92-05006-01-CR-SW-MDH.

(Crim. DCD 290, 292, 295, 298-299.) This Court denied a certificate of appealability. *Agofsky v. United States*, No. 97-2923 (8th Cir. Dec. 22, 1997).

In 2016, after the Supreme Court handed down *Johnson v. United States*, 576 U.S. —, 135 S.Ct. 2551 (2015), Agofsky filed a request seeking certification to file a successive § 2255 motion. Agofsky argued that the rule in *Johnson*, invalidating the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), also invalidated his conviction under § 924(c). A panel of this Court summarily denied certification. *Agofsky v. United States*, No. 16-2185 (8th Cir. Oct. 11, 2016).

In a subsequent prosecution, Agofsky was convicted of capital murder in the Eastern District of Texas, and sentenced to death. *See United States v. Agofsky*, No. 03-00173-CR-TH-WCR (E.D. Tex.); *United States v. Agofsky*, 458 F.3d 369, 371 (5th Cir. 2006); *United States v. Agofsky*, 516 F.3d 280 (5th Cir. 2008).

Agofsky is currently incarcerated in the death penalty section of the United States Penitentiary in Terre Haute, Indiana.

### III. <u>Argument and Authorities</u>

#### A. *<u>New Rules of Law Generally</u>*

Under 28 U.S.C. § 2255, a successive motion must be certified by a panel of this Court to contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (cross-referencing 28 U.S.C. § 2244).

In determining whether to authorize a successive § 2255, this Court assesses whether a petitioner makes a "prima facie showing" that the motion contains newly discovered evidence or a new rule of constitutional law. *Woods v. United States*, 805 F.3d 1152, 1553 (8th Cir. 2015). "A prima facie showing is 'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Donnell v. United States*, 826 F.3d 1014, 1015 (8th Cir. 2016) (quoting *Kamil Johnson v. United States*, 720 F.3d 720, 720 (8th Cir. 2013) (per curiam)).

Under the statute, only the Supreme Court can hold a new rule to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001) ("We thus conclude that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). The Supreme Court need not do so in a single case. "Multiple cases can render a new rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666.

In this case, the Government does not dispute that *Davis* is retroactive to cases on collateral review. *See In re Franklin*, 950 F.3d 909. 910-11 (6th Cir. 2020) (holding that multiple Supreme Court cases, including *Johnson* and *Welch v. United States*, 578 U.S. —, 136 S.Ct. 1257, 1265 (2016), necessarily dictated the retroactivity of *Davis*'s new rule). Nevertheless, Agofsky is not entitled to relief

because both federal bank robbery and armed/aggravated federal bank robbery remain "crime[s] of violence" even after *Davis.*

### B. *Bank Robbery and Armed Bank Robbery Remain Crimes of Violence*

#### 1. Davis *Generally*

*Davis* is an extension of *Johnson.* In that case, the Supreme Court invalidated the "residual clause" provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), finding that the provision defining the term "violent felony" was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557. The Supreme Court only invalidated the "residual clause" provision of the definition,[3] leaving intact the "elements clause" (also known as the "force clause") under § 924(e)(2)(B)(i),[4] and the enumerated offenses listed under § 924(e)(2)(B)(ii).[5] The Supreme Court later held that the rule in *Johnson* was retroactive to cases on collateral review. *Welch*, 136 S.Ct. at 1265.

In a subsequent case, the Supreme Court extended the rule in *Johnson* to the "residual clause" equivalent in 18 U.S.C. § 16(b), finding that it also produced

---

[3]The residual clause defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4]The elements clause provision which defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

[5]Listing that the crimes of burglary, arson, extortion, and the use of explosives are "violent felonies."

unpredictability and arbitrariness. *Sessions v. Dimaya*, 584 U.S. —, 138 S.Ct. 1204, 1223 (2018). In *Davis*, the Supreme Court extended the rule in *Johnson* and *Dimaya* to invalidate the "residual clause" equivalent of § 924(c)(3)(B). *Davis*, 139 S.Ct. at 2336.[6]

As with *Johnson*, *Davis* did not invalidate the entire definition of "crime of violence" under § 924(c)(3), but discretely excised only the vague "residual clause" language under § 924(c)(3)(B). Any crime which qualifies under the "force clause" of § 924(c)(3)(A) remains a "crime of violence" post-*Davis*.[7]

### 2. *Agofsky's Claim Is Legally Erroneous*

In the instant request to file a successive § 2255 motion, Agofsky argues that *Davis* applies retroactively to cases on collateral review and that, because *Davis* invalidated the residual clause of § 924(c)(3) (1988), a federal bank robbery under 18 U.S.C. § 2113 can only qualify as a crime of violence if it satisfies the force clause under § 924(c)(3)(A). Agofsky then argues that federal bank robbery under

---

[6]The residual clause of § 16(b) holds that a crime of violence includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The residual clause equivalent of § 924(c)(3)(B) holds that a crime of violence includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[7]The "force" clause of § 924(c)(3)(A) states that a crime of violence is an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ."

§ 2113(a) is not a "force clause" offense for two reasons: (1) it can be committed by "intimidation"; and (2) it can be committed by "extortion." Both are "means," he asserts, and neither requires force. Last, Agofsky argues that § 2113(d) and (e) cannot be used to qualify a bank robbery as a crime of violence because those subsections are merely "sentencing enhancements."

Agofsky focuses much of his argument on § 2113(a), asserting that it does not qualify under the force clause because the offense can be committed using non-violent means under its "intimidation" and "extortion" language. Notably, as seen in Instruction No. 24, neither of these words were used to convict Agofsky at jury trial. This Court already has twice rejected Agofsky's argument regarding the "intimidation" language of § 2113(a) in *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017), and *Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019).

*Harper* held that federal "bank robbery by intimidation . . . is a crime of violence" under U.S.S.G § 4B1.2(a)(1).[8] This Court rejected Harper's argument – the same one Agofsky makes in this case – that *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), requires a different result. *Harper*, 869 F.3d at 626-27. This Court in *Harper* concluded:

> The holding of [*United States v. Wright*, 957 F.2d 520 (8th Cir. 1992)] therefore controls: bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause, because it involves a

[8]U.S.S.G. § 4B1.2(a)(1) contains almost identical language to 18 U.S.C. § 924(c).

threatened use of force. *See also Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016) (per curiam) (holding that bank robbery in violation of § 2113(a) and (e) is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A)).

*Harper*, 869 F.3d at 626-27; *see also United States v. Deiter*, 890 F.3d 1203, 1210-13 (10th Cir. 2018) (holding bank robbery under § 2113(a) is a violent felony under the ACCA's elements clause); *United States v. Brewer*, 848 F.3d 711, 713-16 (5th Cir. 2017) (same); *United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016) (same).

There is no merit to Agofsky's assertion that subsequent cases could not "overrule" *Yockel* because it was first in time. *Harper*, which Agofsky cites only in passing, distinguished *Yockel*, and concluded that it does not preclude a robbery by intimidation from being a "violent felony" or "crime of violence" under the "force clause."

*Estell* similarly dismissed Agofsky's argument and affirmed a district court's denial of a § 2255 motion, holding that bank robbery under § 2113(a) is a crime of violence under the § 924(c)(3)(A) force clause. *Estell*, 924 F.3d at 1292-93. Like Agofsky, Estell's indictment charged him with bank robbery "by force, violence and intimidation." *United States v. Estell*, No. 13-60051-CR-SOH (W.D. Ark.).

Agofsky also appears to assert that § 2113(a) bank robbery cannot be a crime of violence because the offense can be committed through the use of extortion, and at least one way of committing extortion does not encompass the threat or use of

force. Agofsky does not point to any Eighth Circuit case supporting that position. After *Mathis v. United States*, 579 U.S. —, 136 S.Ct. 2243 (2016), at least two circuits have held that the offense proscribed under § 2113(a) may be subdivided into two distinct offenses: bank robbery and bank extortion, but both decided that it was unnecessary to analyze whether bank extortion was a "crime of violence" because both defendants had been convicted of bank robbery.

The Ninth Circuit, in *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), expressly rejected a claim that an offense under § 2113(a) was not a "crime of violence" because it could be committed by extortion:

> Their argument fails because § 2113(a) does not contain one indivisible offense. Instead, it contains at least two separate offenses, bank robbery and bank extortion. *See United States v. Jennings*, 439 F.3d 604, 612 (9th Cir. 2006); *see also United States v. Eaton*, 934 F.2d 1077, 1079 (9th Cir. 1991); 9th Cir. Crim. Jury Instr. 8.162. Because § 2113(a) is divisible with respect to these two offenses and Watson and Danielson were convicted of the first offense, we need not decide whether bank extortion qualifies as a crime of violence.

*Watson*, 881 F.3d at 786; *see also United States v. Evans*, 924 F.3d 21, 28 (2d Cir. 2019) (quoting *Watson*, 881 F.3d at 786) ("[W]e agree with the Ninth Circuit that § 2113(a) 'contains at least two separate offenses, bank robbery and bank extortion' . . . Because Evans was convicted of bank robbery . . . we need not decide whether bank extortion qualifies as a crime of violence.").

But, in this case Agofsky was not just convicted of federal bank robbery under § 2113(a), he also was convicted of armed/aggravated bank robbery under § 2113(a),

-11-

(d), and (e), which involves additional elements. A conviction under subsection (d) required proof of an individual that "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d) (1986). Subsection (e) required proof of killing of another person or forcing any person to accompany the offender without consent. 18 U.S.C. § 2113(e) (1986).

These offenses each constitute a greater offense than the lesser-included offense of bank robbery and unquestionably constitute a "crime of violence" within the meaning of § 924(c). *Allen*, 836 F.3d 894 (Eighth Circuit denied petition to file successive 28 U.S.C. § 2255 motion due to holding that aggravated bank robbery under § 2113(a) and (e) is a crime of violence under § 924(c)(3)(A) force clause); *Holder v. United States*, 836 F.3d 891 (8th Cir. 2016) (same); *United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018) (holding that both bank robbery and armed bank robbery qualify as crimes of violence under § 924(c)'s force or elements clause); *Watson*, 881 F.3d at 782 (same); *Hunter v. United States*, 873 F.3d 388, 390 (1st Cir. 2017) (same); *United States v. Armour*, 840 F.3d 904, 907-09 (7th Cir. 2016) (same); *United States v. McNeal*, 818 F.3d 141, 151-57 (4th Cir. 2016) (same).

Accordingly, even if there were some merit to Agofsky's claim that federal bank robbery under just § 2113(a) is not a "crime of violence" because it can be committed by "extortion," and that this method is a "means," not an alternative element after *Mathis*, the fact that Agofsky was convicted of aggravated bank

robbery dispenses with the claim. Subsections (d) and (e) each add an element, and are not just sentencing enhancements as Agofsky appears to claim, without any support, in his request to file a successive § 2255 motion.

Indeed, several courts have found that § 2113(d) adds an additional element to subsection (a), meaning that in order to prove a violation of (d), the Government must prove in the guilt phase all of the elements of (a), plus the additional element from (d), beyond a reasonable doubt. *See Mosley v. United States*, No. 16-CV-00863-AGF, 2017 WL 513031, at *2 (E.D. Mo. Feb. 8, 2017) (citing *McNeal*, 818 F.3d at 152, for the proposition that § 2113(a) is a lesser-included offense of (d)); *see also United States v. Jackson*, No. 16-CR-2057-LTS, 2017 WL 729165, at *1 (N.D. Ia. Feb. 24, 2017) (same) (citing *Green v. United States*, 365 U.S. 301, 303 (1961) (describing § 2113(a) as "the same offense as § 2113(d) without the elements of aggravation.")).

The Agofsky jury was instructed, in Instruction No. 24, that it must find the elements that the robbery was committed "by force and violence" and that Agofsky "killed Dan Lee Short" beyond a reasonable doubt. The argument that Agofsky's § 924(c) predicate did not have an element of the use of force is contrary to both the applicable case law and the record of the proceedings below.

Agofsky has not made his required prima facie showing of possible merit to warrant a fuller exploration by the district court. There is no merit to Agofsky's claims and this Court should deny certification.

## IV. <u>Conclusion</u>

Accordingly, for all of the reasons previously outlined, the United States respectfully requests that this Court deny the petition filed by Agofsky requesting certification from this Court to file a successive motion under § 2255.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By   /s/ *Casey Clark*

CASEY CLARK
Assistant United States Attorney

901 East St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

*Attorneys for Respondent*

# CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations in Fed. R. App. P. 27(d)(2)(A) and contains 3,461 words. This motion was prepared using Microsoft Word 2016 software. In making this certification I have relied upon the word count feature of Microsoft Word 2016. Furthermore, this motion has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

/s/ *Casey Clark*
Casey Clark
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, for delivery to all counsel of record:

/s/ *Casey Clark*
Casey Clark
Assistant United States Attorney