# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,    )
     Respondent,                )
                                )
     **v.**                         )      **No. 20-2030**
                                )
SHANNON WAYNE AGOFSKY,    )
     Movant.                  )

# EXHIBIT A

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent, | ) | |
| | ) | |
| **v.** | ) | **No. 20-2030** |
| | ) | |
| **SHANNON WAYNE AGOFSKY,** | ) | |
| Movant. | ) | |

**PETITIONER'S REPLY IN SUPPORT OF
PETITION FOR AUTHORIZATION
TO FILE SUCCESSIVE § 2555 MOTION**

Movant, Shannon Wayne Agofsky, through counsel, respectfully submits this reply to the government's *Suggestions in Opposition* to his *Petition for Authorization to File a Successive Motion Under 28 U.S.C. § 2255(h)*.

The government ignores controlling Supreme Court precedent and makes several non-responsive arguments. First, the Supreme Court has employed a categorical approach—looking not to the facts of a case, but to statutory definitions and elements of the underlying offense—to determine whether an offense qualifies as a "crime of violence" under 28 U.S.C. § 924(c). *See Descamps v. United States*, 570 U.S. 254, 260 (2013) (applying categorical approach to "crime of violence" definition under 28 U.S.C. § 924(e)); *Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also United States v. Harper*, 869 F.3d 624, 625-27 (8th Cir. 2017)

(applying *Descamps* and categorical approach to definition under § 924(c)(3)).  Mr. Agofsky argues that the most innocent conduct that will satisfy the armed bank robbery statute, 18 U.S.C. § 2113(a), (d), and (e), categorically does not qualify as a crime of violence.  *Petition* at 20.  In response, the government does not cite *Descamps* and does not mention the categorical approach.  Instead, it argues that this Court should reject Mr. Agofsky's argument that a person may commit bank robbery through extortion or intimidation without the requisite intent on the ground that "neither of these words were used to convict Agofsky at jury trial."  *Opposition* at 9.  This argument flouts the categorical approach, and the Supreme Court's opinions in *Descamps* and the cases that preceded it.

Second, the Supreme Court has held that when a statute is indivisible, i.e., when it merely lists "multiple, alternative *means* of satisfying one (or more) of its elements," courts must use the categorical approach.  If, on the other hand, the statute is divisible, meaning that it includes alternative elements creating multiple versions of the crime, a court may use the modified categorical approach (by consulting a limited number of documents such as the charging document) to determine which of the various offenses was the offense of conviction.  *See Mathis v. United States,* 136 S. Ct. 2243, 2248 (2016) (emphasis added); *Descamps*, 570 U.S. at 260.  Mr. Agofsky argues that bank robbery can be committed by several means, including

2

extortion and intimidation, and that these means do not qualify categorically as crimes of violence. *Petition* at 20. The government's response that extortion and intimidation were not "used" at Mr. Agofsky's trial effectively adopts the modified categorical approach. *Opposition* at 9. Although the government quotes a Ninth Circuit case indicating that the statute is divisible, the government does not cite any precedent from this Court, cite the controlling Supreme Court precedents, or advance any argument to support this position. *Opposition* at 11 (citing *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018)). Mr. Agofsky's proposed § 2255 motion explains why the statute is, in fact, indivisible and extortion and intimidation are merely alternative means, not elements. *Petition*, Exhibit A, at 10.

Third, the Supreme Court held in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), that the force element of a "crime of violence" requires proof of a mental state at least more culpable than negligence. Mr. Agofsky argues that bank robbery by extortion or intimidation do not necessarily involve the intentional or knowing use or threatened use of violent physical force. *Petition* at 20. The government does not cite *Leocal* or address its heightened *mens rea* requirement for a "crime of violence." The words "intent" and "knowledge" do not appear in its submission.

The government also misleadingly describes the holding of this Court in *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017). Mr. Agofsky argues that an

3

earlier precedent, *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), established that "whether or not [a defendant] *intended* to intimidate . . . is irrelevant in determining his guilt" of bank robbery under 18 U.S.C. § 2113(a). *Petition* at 20. The government states that *Harper* rejected the same argument that Mr. Agofsky makes. *Opposition* at 9. Yet *Harper* mentions *Yockel*'s holding approvingly in the course of distinguishing *Elonis v. United States*, 135 S. Ct. 2001 (2015), and rejecting Harper's argument that *Elonis* altered the meaning of "threat." *Harper* left *Yockel*'s "intent is irrelevant" holding intact. *Harper*, 869 F.3d at 626. Furthermore, to the extent the panel opinion in *Harper* in any way contradicted the earlier opinion in *Yockel*, *Yockel* must control. *See United States v. Anderson*, 771 F.3d 1064, 1066-67 (8th Cir. 2014).

Finally, Mr. Agofsky argues that 18 U.S.C. §§ 2113(d) and (e) categorically do not qualify as crimes of violence because (1) they are sentencing enhancements dependent on the commission, in this case, of § 2113(a), which is not a crime of violence; and (2) in any case, neither subsection necessarily requires the mens rea that *Leocal* held requisite to satisfy the definition, *Petition* at 21-23. The government's only response to these arguments is that subsections (d) and (e) both require elements "additional" to those in subsection (a). *Opposition* at 12. This observation, while true, does not respond to Mr. Agofsky's points. Similarly, the

4

government's citation to *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016), and *Holder v. United States*, 836 F.3d 891, 892 (8th Cir. 2016), does not respond to Mr. Agofsky's argument either. *Opposition* at 12. Both those cases addressed the "force" requirement for a "crime of violence," not the mens rea requirement. Mr. Agofsky's argument focuses on the mens rea requirement.

The government's response ignores firmly settled precedent and fails to respond to Mr. Agofsky's principal arguments. Mr. Agofsky has, at least, made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015). His petition should accordingly be granted.

# **CONCLUSION**

For these reasons, and those in Mr. Agofsky's *Petition for Authorization*, the *Petition* should be granted.

<div style="margin-left:50%">Respectfully submitted,</div>

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
The Phillips Black Project
1901 South 9th Street, 501
Philadelphia, PA 19148
Telephone (888) 532-0897
Facsimile (888) 543-4964


*Counsel for Shannon Agofsky*

Dated:  June 10, 2020

CLAUDIA VAN WYK
PA Bar # 95130
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

*Of Counsel*

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations in Fed. R. App. P. 27(d)(2)(A) and contains 1002 words. This motion was prepared using Microsoft Word 2016 software. In making this certification I have relied upon the word count feature of Microsoft Word 2016. Furthermore, this motion has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

/s/ Jennifer Merrigan
Jennifer Merrigan

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2020, a copy of the foregoing pleading was delivered via electronic filing to:

CASEY CLARK
Assistant United States Attorney
901 East St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

/s/ Jennifer Merrigan
Jennifer Merrigan