**PHILLIPS BLACK, INC.**

a nonprofit, public interest law practice

JENNIFER MERRIGAN
1901 S. 9th St., 510
Philadelphia Pa 19148

*j.merrigan@phillipsblack.org*
888 532 0897 (tel)
888 543 4964 (fax)

Principal Attorneys:
Burke M. Butler^
Lee B. Kovarsky¥
Jennifer Merrigan†
John R. Mills‡
Joseph J. Perkovich*

June 15, 2020

Michael Gans
Clerk of the Court
Eighth Circuit Court of Appeals
Thomas Eagleton Courthouse
111 South Tenth Street, 24th Floor
St. Louis, Missouri 63101

*In Re: Shannon Agofsky*
Case No. 20-2030

Dear Mr. Gans:

I am writing pursuant to Rule 28(j) to advise the Court of supplemental authority. Mr. Agofsky has petitioned this Court for authorization to file a successive motion for relief pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). Mr. Agofsky argues, in support of his motion, that bank robbery, 18 U.S.C. § 2113(a), (d), and (e), does not qualify as a "crime of violence" under the "force" clause of 18 U.S.C. § 924(c).

The Supreme Court is currently considering a petition for certiorari in *Rogers v. United States*, No. 19-7320. Rogers argues that bank robbery is not a "crime of violence" under a similar statute, 18 U.S.C. § 924(e) (the Armed Career Criminal Act or ACCA), because it may be committed by unintentionally intimidating a victim. Although several circuits have held that bank robbery by intimidation qualifies as a "crime of violence" under ACCA, other circuits have held that similar state statutes do not. The Court has relisted the case twice, most recently for the conference of June 11. The case did not appear on the orders list issued on June 15 and has presumably been relisted again.

^ Admitted in Texas
¥ Admitted in Texas and inactive in New York
† Admitted in Missouri and Pennsylvania
‡ Admitted in Arizona, California and North Carolina
* Admitted in New York

The Supreme Court's relisting of Rogers and the underlying circuit split support Mr. Agofsky's argument in this Court that he has made "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir.1997)). This Court should accordingly grant the petition and allow him to file his § 2255 motion in the district court.

Very truly yours,

/s/ Jennifer Merrigan

JENNIFER MERRIGAN
MO Bar #56733
The Phillips Black Project
1901 South 9th Street, 501
Philadelphia, PA 19148
Telephone (888) 532-0897
Facsimile (888) 543-4964
j.merrigan@phillipsblack.org

CLAUDIA VAN WYK
PA Bar # 95130
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826
claudia_vanwyk@fd.org

*Counsel for Shannon Agofsky*

*Of Counsel*

cc: Casey Clark, AUSA

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of June, 2020, a copy of the foregoing

was delivered via electronic filing to:

CASEY CLARK
Assistant United States Attorney
901 East St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone:(417) 831-4406

/s/ Jennifer Merrigan
Jennifer Merrigan