

**U. S. Department of Justice**

*Timothy A. Garrison*
*United States Attorney*
*Western District of Missouri*

| | |
|---|---|
| *Philip M. Koppe* | *United States Attorney's Office* |
| *Assistant United States Attorney* | *Charles Evans Whittaker Courthouse* |
| | *400 East Ninth Street, Suite 5510*   (816) 426-3122 |
| | *Kansas City, Missouri 64106-2607*   FAX (816) 426-5186 |

June 18, 2020

Michael E. Gans, Clerk
Eighth Circuit Court of Appeals
111 South 10th Street, Room 24.329
St. Louis, Missouri   63102

> Re:   *United States v. Shannon Wayne Agofsky*
>           Case No. 20-2030

Dear Mr. Gans:

On June 15, 2020, Agofsky filed with this Court a letter under Rule 28(j) of the Federal Rules of Criminal Procedure, directing this Court's attention to *United States v. Rogers*, No. 19-7320, a petition for a writ of certiorari presently pending before the United States Supreme Court.   Agofsky states that in his petition "Rogers argues that bank robbery is not a 'crime of violence' under a similar statute, 18 U.S.C. § 924(e) . . . because it can be committed by unintentionally intimidating a victim."

However, whereas Rogers was convicted of federal bank robbery under 18 U.S.C. § 2113(a), Agofsky was convicted of armed or "aggravated" federal bank robbery under § 2113(d), which requires "the use of a dangerous weapon or device."   So, even a ruling in Rogers's favor will not impact Agofsky's case.   Moreover, Rogers's co-defendant raised the identical issue before the Supreme Court, and his petition for certiorari was denied.   *See Hanks v. United States*, No. 19-7732, 2020 WL 3146858 (Mar. 30, 2020). When *Rogers* sought rehearing, the Court promptly denied it.   *Hanks v. United States*, No. 19-7732, 2020 WL 3146858 (June 15, 2020).   In fact, the Supreme Court has denied countless certiorari petitions based on Agofsky's current argument without a single dissent.

This Court has held that federal bank robbery under § 2113(a) is a "crime of violence" under § 924(c), *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017), and there is no "circuit split" on this issue.   Moreover, the Supreme Court has held that § 2113(a) requires "knowledge with respect to the actus reus of the crime," and excludes "otherwise innocent" conduct.   *Carter v. United States*, 530 U.S. 255, 269-70 (2000).   The same rule obviously would apply to the greater offense of armed bank robbery.

There is no support for Agofsky's assertion that the mere pendency of an unresolved petition for a writ of certiorari in an inapposite, non-controlling case is a "sufficient showing of possible merit" *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015), to entitle a prisoner to file a successive § 2255 motion.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

/s/ *Philip M. Koppe*

PHILIP M. KOPPE
Assistant United States Attorney

cc:     Jennifer A. Merrigan

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2020, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

Jennifer A. Merrigan
1901 South Ninth Street, Suite 510
Philadelphia, Pennsylvania   19148

*Attorney for Appellant*

 /s/ *Philip M. Koppe*
Philip M. Koppe
Assistant United States Attorney