FILED

MAY 2 2 2020

MICHAEL GANS
CLERK OF COURT

No. **20-2030**

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE EIGHTH CIRCUIT

---

### IN RE SHANNON WAYNE AGOFSKY,

### Movant.

---

## PETITION FOR AUTHORIZATION TO FILE
## A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

JENNIFER MERRIGAN
MO Bar # 56733
Phillips Black
1901 South 9th Street, #510
Philadelphia, PA 19148
(816) 695-2214

CLAUDIA VAN WYK
PA Bar # 95130
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone (215) 928-0520
Facsimile (215) 928-0826

*Counsel for Shannon Wayne Agofsky*

Dated: May 22, 2020

RECEIVED

MAY 2 2 2020

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................1

PROCEDURAL HISTORY.............................................................................................4

     A.     Conviction, Sentencing, and Direct Appeal...........................................4
     B.     Previous § 2255 Petitions.....................................................................5
     C.     *Johnson*, *Welch*, and *Davis* ....................................................................6

ARGUMENT ...................................................................................................................8

I.       INTRODUCTION ................................................................................................8

II.     MR. AGOFSKY CAN MAKE A SUFFICIENT SHOWING OF POSSIBLE MERIT TO WARRANT A FULLER EXPLORATION BY THE DISTRICT COURT. ................................................................................10

     A.     Mr. Agofsky can make a prima facie showing that the requirements for a successive petition under § 2255(h)(2) are met....11

            1.     *Davis* announced a previously unavailable new rule of constitutional law...................................................................12

            2.     The Supreme Court has made *Johnson* retroactive to cases on collateral review, and therefore *Davis* is also retroactive to cases on collateral review.....................................................14

     B.     Mr. Agofsky can also make a prima facie showing on the merits of the claim. .......................................................................................17

            1.     *Davis* held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, and therefore cannot be used to sustain Mr. Agofsky's conviction................................................17

            2.     Bank robbery categorically fails to qualify as a "crime of violence" under the force clause.................................................18

            3.     Mr. Agofsky is entitled to certification under 28 U.S.C. § 2255(h)(2).........................................................................23

CONCLUSION..............................................................................................................24

CERTIFICATE OF SERVICE .....................................................................................25

**INTRODUCTION**

Movant, Shannon Wayne Agofsky, through undersigned counsel, Jennifer Merrigan, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2) and Local Appellate Rule 22B. Mr. Agofsky seeks to challenge his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) for using a firearm during, and in relation to, a "crime of violence" (Count 3)[1] on the basis of *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019). *Davis* held that the "residual" clause of § 924(c)(3)(B), which defines a crime of violence, is unconstitutionally vague.

*Davis* is a new rule that should apply retroactively to Mr. Agofsky's case. In *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that *Johnson v. United States*, which announced the unconstitutional vagueness of the residual clause in a virtually identical statute, announced a new substantive rule that applies retroactively to cases on collateral

---

[1] Section 924(c)(3) defines "crime of violence" as follows:

(3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

review. *See Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551 (2015) (determining that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague); *Welch*, 136 S. Ct. 1257 (holding that *Johnson* announced a new substantive constitutional rule that applies retroactively). From *Welch*, it follows that the *Davis* rule applies retroactively to the collateral review of Mr. Agofsky's case. The unconstitutional residual clause cannot bring his conviction within the definition of "crime of violence."

Furthermore, Mr. Agofsky's conviction cannot satisfy the "force" clause of § 924(c)(3)(A).  The relevant count of his indictment alleged that the underlying "crime of violence" for the § 924(c) charge was bank robbery, 18 U.S.C. §§ 2113(a), (d), and (e). However, bank robbery categorically fails to qualify as a "crime of violence." First, a person can commit a bank robbery by extortion using non-violent means.  Second, bank robbery does not have as a necessary element the knowing or intentional use, attempted use, or threatened use of violent physical force. Under the law of this Circuit, a person can commit a bank robbery by intimidation without any intent to intimidate.  *See United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003). Because "[i]t is a cardinal rule…that one panel is bound by the decision of a prior panel," *United States v. Anderson*, 771 F.3d 1064, 1066–67 (8th Cir. 2014), any later decision treating bank robbery as a crime of violence is not binding precedent. *See, e.g.*, *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016).

Mr. Agofsky is innocent of the § 924(c) offense, and his conviction on Count 3 of the indictment (1) violates due process, (2) violates the United States laws and results in a fundamental miscarriage of justice, and (3) was entered in excess of the district court's jurisdiction.

Because Mr. Agofsky has previously pursued collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition. 28 U.S.C. § 2244(b)(3). This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facie showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). As explained below, Mr. Agofsky can make that prima facie showing, and this Court should allow the district court an opportunity to consider the merits of his application. His proposed § 2255 motion is attached as Exhibit A.

Mr. Agofsky's conviction on Count 3 served as an aggravating factor in support of a death sentence imposed by a jury sitting in the Eastern District of Texas. *See United States v. Shannon Agofsky*, Special Verdict Form, D.Ct. No. 1:03-cr-173-01, ECF Nos. 177, 180 (July 16, 2004).

# PROCEDURAL HISTORY

## A.    Conviction, Sentencing, and Direct Appeal

Mr. Agofsky was convicted on Count 3 of his indictment of using and carrying a firearm during, and in relation to, a felony crime of violence, 18 U.S.C. § 924(c), in a jury trial that concluded on September 22, 1992.[2] *See United States v. Shannon Agofsky et al.,* No. 3:92-cr-05006-RED, ECF Nos. 1, 198. He was sentenced on November 23, 1992, to an aggregate term of life plus 60 months. *Id.,* ECF No. 257. He appealed under Docket No. 92-3767 to this Court, which affirmed the convictions and sentences on April 1, 1994. *United States v. Agofsky*, 20 F.3d 866 (8th Cir. 1994). This Court rejected Mr. Agofsky's claims that: (1) the government had failed to prove his guilt by sufficient evidence; (2) his trial should have been severed from that of his co-defendant; (3) the trial court improperly denied alibi instructions; (4) the court improperly failed to rule on motions filed on his behalf by his mother; (5) the police inventory search of his car violated his constitutional rights; (6) the admission of the deceased's dental records was reversible error; and (7) the prosecutor committed summation misconduct. *Id.* Certiorari was denied on October 17, 1994. *Agofsky v. United States*, 513 U.S. 949 (1994).

---

[2] Mr. Agofsky was also convicted of conspiracy in violation of 18 U.S.C. § 371 (Count 1) and bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (e) (Count 2). This petition does not implicate those counts.

**B.      Previous § 2255 Petitions**

Mr. Agofsky subsequently moved for relief pursuant to 28 U.S.C. § 2255. No hearing was held, and the motion was denied on June 19, 1997 (District Court Docket No. 3:92-cr-05006, ECF. No 298). Mr. Agofsky sought to appeal the denial of the motion to this Court, which denied a certificate of appealability on March 2, 1998 (Doc. No. 311). The Court treated a supplement to the notice of appeal as a petition for authorization to file a second § 2255 motion and denied the petition. *Id.*

On February 16, 2012, Mr. Agofsky filed, under seal, another petition with this Court seeking authorization to file a second § 2255 motion on the grounds that newly discovered evidence required vacation of the conviction, that he was actually innocent, and that the government had withheld exculpatory evidence. This Court denied the petition on June 5, 2013. *See Shannon Agofsky v. United States*, No. 12-1397.

On May 6, 2016, Mr. Agofsky filed, under seal, another petition with this Court seeking authorization to file a third § 2255 motion on the grounds that the Supreme Court's decision in *Johnson* invalidated his conviction under § 924(c), because the residual clause was unconstitutionally vague, and his bank robbery conviction did not satisfy the force clause. This Court denied the petition on October 11, 2016. *See Shannon Agofsky v. United States*, No. 16-2185.

**C.** *Johnson*, *Welch*, **and** *Davis*

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), which overruled *Sykes v. United States*, 564 U.S. 1 (2011), and *James v. United States*, 550 U.S. 192 (2007), and invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. §924(e), as too vague to provide adequate notice under the Due Process Clause. The Supreme Court held that imposing an increased sentence under the ACCA's residual clause violated the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson,* 135 S. Ct. at 2257. Finding the residual clause "vague in all its applications[,]," the Court overruled its contrary decisions in *Sykes* and *James*. *Id.* at 2562-63.

On April 18, 2016, the Court decided in *Welch* that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016). In *Davis*, the Supreme Court concluded that there was "no material difference" between the residual clauses contained in the ACCA, § 16, and § 924(c), and therefore that § 924(c)'s residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019).

After *Johnson*, *Welch*, and *Davis*, Mr. Agofsky's § 924(c) conviction cannot be sustained for the reasons noted in the argument below and in his attached § 2255 petition. Mr. Agofsky now requests authorization from this Court to file a successive § 2255 petition.

**ARGUMENT**

## I. INTRODUCTION

This petition raises the question whether, under Supreme Court and Eighth Circuit precedent, petitioner Shannon Agofsky committed a crime of violence under the "force" clause of 18 U.S.C. § 924(c)(3)(A). That clause requires the "use, attempted use, or threatened use of physical force," and also requires that the force be intended by the actor, or at a minimum, that the government prove a mental state more culpable than negligence to sustain a conviction. As discussed below, a person can commit a bank robbery by extortion using non-violent means, and a person can commit a bank robbery by intimidation without intent to intimidate. *See United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003). Therefore, bank robbery is categorically not a crime of violence and Mr. Agofsky is not guilty of § 924(c)(3). Later cases that have held otherwise, *see, e.g.*, *Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016), are not binding precedent, because later panels cannot issue rulings that contravene the precedential opinions of earlier panels. *See United States v. Anderson*, 771 F.3d 1064, 1066–67 (8th Cir. 2014).

In 1992, Mr. Agofsky was convicted of one count of using a firearm during, and in relation to, a "crime of violence" in violation of § 924(c)(1)(A)(ii) (Count 3 of the indictment). The crime of violence alleged in the indictment was bank robbery, pursuant to 18 U.S.C. §§ 2113(a), (d), and (e). The underlying offense, § 2113 bank

robbery, could not qualify as a "crime of violence" unless it fell under either § 924(c)(3)(A)'s "force" clause or under § 924(c)(3)(B)'s "residual" clause.

On June 24, 2019, the Supreme Court decided in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause of 18 U.S.C § 924(c)(3)(B) is unconstitutionally vague, thus putting this provision in the company of comparably phrased statutes that have previously been held to be infirm on the same ground. *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2014); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (affirming *Johnson*'s retroactive application). Thus, Mr. Agofsky's conviction under 18 U.S.C § 924(c)(3), can only be sustained if 18 U.S.C. § 2113(a) qualifies under the force clause as a crime of violence.[3] As developed below and in Mr. Agofsky's

---

[3] In its entirety, § 2113(a) provides as follows:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

proposed § 2255 motion, neither bank robbery by extortion, nor bank robbery by intimidation, qualifies under the force clause. Although one line of this Court's precedent seemingly forecloses relief, *see, e.g.*, *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (18 U.S.C. § 2113 qualifies under the force clause), that line of precedent must give way to an older line that compels relief because the bank robbery statute does not require the requisite mental state. *See, e.g.*, *United States v. Torres-Villalobos*, 487 F.3d 607, 616-17 (8th Cir. 2007) (following *Leocal v. Ashcroft*, 543 U.S. 1 (2004)) (force element requires proof of mental state at least more culpable than negligence); *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (bank robbery by intimidation does not require intent to intimidate).

In light of *Davis*, Mr. Agofsky seeks permission to file a successive petition challenging his conviction under 18 U.S.C. § 924(c) so that he may fully develop his claim that § 2113 bank robbery cannot satisfy the elements of § 924(c)(3)(A), and thus his conviction cannot stand.

## II. MR. AGOFSKY CAN MAKE A SUFFICIENT SHOWING OF POSSIBLE MERIT TO WARRANT A FULLER EXPLORATION BY THE DISTRICT COURT.

The gatekeeping provision set forth in 28 U.S.C. § 2255(h)(2) allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Under this provision, a federal prisoner

10

must make a prima facie showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001). This Court has specified that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015); *Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

### A. Mr. Agofsky can make a prima facie showing that the requirements for a successive petition under § 2255(h)(2) are met.

To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. *See* 28 U.S.C. §2244(b)(3)(C) (requiring "a prima facie showing *that the application satisfies the requirements of this subsection*") (emphasis added); *In re Williams*, 330 F.3d 277, 282 (4th Cir. 2003); *see also Goldblum v. Klem*, 510 F.3d 204, 219 n.9 (3d Cir. 2007) (same); *cf. Goodwin v. Steele*, 814 F.3d 901, 904 (8th Cir. 2014) (rejecting petitioner's § 2244(b)(3) motion on the ground that he had not made a prima facie showing that new rule of substantive law pursuant to which he sought relief was retroactive). In other words, an applicant need only make a prima facie showing that the

§ 2255(h)(2) standard is met—not a prima facie showing that his claim has merit. *See Woods*, 805 F.3d 1152 (finding that petitioner had made prima facie showing merely on basis of government's concession). As further detailed below, Mr. Agofsky easily satisfies the gatekeeping requirements of § 2255(h)(2).

### 1. *Davis* announced a previously unavailable new rule of constitutional law.

First, the Supreme Court's decision in *Davis* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Davis* is new because it applies *Johnson*'s express overruling of *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness, to the context of § 924(c). *See Davis*, 139 S. Ct. at 2324 (holding for the first time that § 924(c)(3) "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague" ); *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"); *Welch*, 136 S. Ct. at 1264 (noting it is "undisputed" that *Johnson* announced new rule).

Second, there is no question that *Davis* announced a rule "of constitutional law." *Johnson* expressly held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. It declared that the residual clause is unconstitutionally

vague, and that the Due Process Clause forbids any use of the clause in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563. Similarly, *Davis* announced a new rule of constitutional law because it established that § 924(c)(3)(b) "must be held unconstitutional" due to the "'unpredictability and arbitrariness'" that the residual clause's categorical inquiry creates. *Davis*, 139 S. Ct. at 2326-27. *Davis* held that § 924(c)(3)'s residual clause is a vague law, the enforcement of which is prohibited under "the twin constitutional pillars of due process and separation of powers." *Id.* at 2325.

Finally, the result in *Davis* was not previously available to Mr. Agofsky. Despite the Supreme Court's decision in *Johnson*, this Court has previously rejected Mr. Agofsky's claims that *Johnson* required the conclusion that § 924(c)(3)'s residual clause was unconstitutionally vague. *See Agofsky v. United States*, No. 16-2185 (8th Cir. Oct. 11, 2016) (denying petition for authorization to file successive habeas petition in district court). Until the Supreme Court decided *Davis*, this Court's 2016 ruling foreclosed any collateral attack based on the vagueness of the § 924(c) residual clause. The rule of *Johnson*, which *Davis* extends to § 924(c)(3), is only now available to Mr. Agofsky.

**2.** **The Supreme Court has made *Johnson* retroactive to cases on collateral review, and therefore *Davis* is also retroactive to cases on collateral review.**

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013); *Burton v. Fabian*, 612 F.3d 1003, 1009 (8th Cir. 2010). *Johnson* and *Davis* satisfy both requirements.

As previously discussed, the Supreme Court found in *Welch* that it was "undisputed" that *Johnson* announced a new rule. *Welch*, 136 S. Ct. at 1264. Since *Davis* announces the same rule specifically with respect to § 924(c), *Davis*, too, announces a new rule.

*Welch* also held that the *Johnson* rule is substantive, and therefore, the *Davis* rule is substantive, as well. In *Johnson*, the Court's rule changed the substantive reach of the ACCA, altering the "range of conduct or class of persons" that the Act punishes. *Id*. (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). It is not a procedural decision, because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced" under the Act. *Id*. at 1265.

Just as *Johnson* "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied," and is therefore "a substantive

decision [having] retroactive effect under *Teague* in cases on collateral review," so too the Court's decision in *Davis* announced a substantive rule with retroactive effect.

Taken together, *Davis* and *Johnson* narrow the scope of 18 U.S.C. § 924(c) and "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Summerlin*, 542 U.S. at 352. Section 924(c) criminalizes carrying a firearm during a "crime of violence." *Davis* establishes that certain convictions cannot be considered "crimes of violence" consistent with due process, and thus alters what conduct § 924(c) makes criminal. A defendant stands convicted of an act that the law does not make criminal where, as here, the defendant has been convicted under § 924(c) for using a firearm in connection with some crime that, under *Davis*, cannot constitutionally be considered a "crime of violence." *See Bousley v. United States*, 523 U.S. 614, 620 (1998) (new rule narrowing the elements of 18 U.S.C. § 924(c) is substantive, and thus retroactive, because it "hold[s] that a substantive federal criminal statute does not reach certain conduct, [and] plac[es] conduct beyond the power of the criminal law-making authority to proscribe[.]") (internal quotations and citations omitted).

As a number of other circuits have already acknowledged, the *Davis* rule therefore applies retroactively to Mr. Agofsky's projected collateral attack on his § 924(c) conviction. *See, e.g.*, *United States v. Dixon*, 799 F. App'x 308, 309 (5th

15

Cir. 2020) (reiterating that "*Davis* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court") (citing *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019)); *United States v. Perkins*, 799 F. App'x 652, 653 (10th Cir. 2020) ("We have held that *Davis* announced a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review" under *Welch*) (citing *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019)); *Escourse-Westbrook v. United States*, 799 F. App'x 803, 804 (11th Cir. 2020) ("We held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review.") (citing *In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019) (per curiam)); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020) (holding that "*Davis* established a 'new rule' because its 'result was not dictated by precedent existing at the time the defendant's conviction became final,'" and because "*Welch* explained that decisions announce a substantive rule and are thus retroactive when they 'alter[] the range of conduct…that the law punishes.'") (internal citations omitted); *Bufkin v. United States*, 800 F. App'x 436, 438-39 (7th Cir. 2020) ("Because the new rule announced in *Davis* is substantive—that is, it alters the range of conduct or class of persons that the law punishes—it applies retroactively.").

**B.** **Mr. Agofsky can also make a prima facie showing on the merits of the claim.**

In the event that this Court requires a prima facie showing of success on the merits of the claim, this requirement is also readily satisfied in Mr. Agofsky's case because: (i) § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Davis*, and (ii) bank robbery categorically fails to qualify as a "crime of violence" under the force clause of § 924(c)(3)(A).

**1.** ***Davis* held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, and therefore cannot be used to sustain Mr. Agofsky's conviction.**

In *Davis*, the Supreme Court held that "§ 924(c)(3)(B) is unconstitutionally vague," noting that, in the court below, after the petitioners sought rehearing, "the government conceded that, if § 924(c)(3)(B) is held to be vague, then the defendants are entitled to a full resentencing." *Davis*, 139 S. Ct. at 2336. In doing so, the Court affirmed the Fifth Circuit's ruling, which upheld only the petitioners' convictions that "could be sustained under the [force] clause." *Id.* at 2325. After *Davis*, Mr. Agofsky's conviction under § 924(c) cannot be upheld under the unconstitutionally vague residual clause and could only stand if the force clause found in § 924(c)(3)(A) were satisfied.

### 2. Bank robbery categorically fails to qualify as a "crime of violence" under the force clause.

In determining whether an offense qualifies as a "crime of violence" under the force clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). Although *Descamps* involved the categorical approach to the ACCA, this same categorical approach applies in determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c). *See, e.g.*, *United States v. Harper*, 869 F.3d 624, 625-27 (8th Cir. 2017) (applying the categorical approach when determining whether petitioner's conviction was a crime of violence under the force clause, § 924(c)(3)(A)); *see also Olmsted v. Holder*, 588 F.3d 556, 559 (8th Cir. 2009) (applying categorical approach to determine whether an offense is a "crime of violence" under 18 U.S.C. § 16(a), which is identical to § 924(c)(3)(A)). The categorical approach requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 570 U.S. at 260 (citation omitted); *see also Harper*, 869 F.3d at 625.

Importantly, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012); *see*

18

*also Ortiz v. Lynch*, <u>796 F.3d 932, 935</u> (8th Cir. 2015) (holding that, to determine whether obstruction of legal process is a crime of violence under § 16, a court "must presume [Ortiz's] conviction rested upon [nothing] more than the least of th[e] acts criminalized" by the statute) (quoting *Moncrieffe v. Holder*, <u>569 U.S. 184, 191</u> (2013)) (alterations in original); *United States v. Kelly*, <u>422 F.3d 889, 894</u> (9th Cir. 2005) ("[T]he question is not whether, based on the facts in 'most cases' in which convictions are obtained under the statute, the conduct was a 'violent felony' under federal law. Rather, the question is whether all conduct—including the most innocent conduct—prohibited by the state statute qualifies as a 'violent felony.'"). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

Furthermore, as applied, the force clause requires that the predicate offense have, as an element, "the use, attempted use, or threatened use of physical force," <u>28 U.S.C. § 924(c)(3)(A)</u>, that must necessarily be met under the categorical approach. The Supreme Court has interpreted the force clause language to "suggest[] a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, <u>543 U.S. 1, 9</u> (2004). In order to satisfy the force clause, conduct that constitutes the use or threatened use of force "must be intentional, not just reckless or negligent." *United States v. Dixon*, <u>805 F.3d 1193, 1197</u> (9th Cir. 2015). Or, at the very least, the

use or threatened use of force "requir[es] a higher *mens rea* than merely accidental or negligent conduct." *Leocal*, 543 U.S. at 11.

Thus, to constitute a "crime of violence," the predicate offense must necessarily require the use of force and also a heightened *mens rea* for the threatened use of physical force. None of the offenses of which Mr. Agofsky was convicted in Count 3 satisfy these requirements.

***Section 2113(a)***: Bank robbery under § 2113(a) may be committed by several means:

First, bank robbery may be committed by extortion using non-violent means. Indeed, extortion can be committed by putting another person in fear of financial or reputational loss. *See Johnson*, 135 S. Ct. at 2558 (noting that "the typical extortionist" might "threaten his victim by mail with the revelation of embarrassing personal information" rather than threatening a victim with force).

Bank robbery may also be committed by intimidation alone, which does not necessarily involve the intentional or knowing use or threatened use of violent physical force. For instance, in *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003), this Court upheld a conviction under § 2113(a), even though there was no evidence that the defendant intended to put the teller in fear of any type of injury. The Court explained that "whether or not Yockel *intended* to intimidate the teller is irrelevant in determining his guilt." *Id*. at 824 (quoting *United States v. Woodrop*, 86

20

F.3d 359, 364 (4th Cir. 1996)) (emphasis added). In the Eighth Circuit, intimidation requires only that the victim "infer a threat of bodily harm from the bank robber's words and actions," an objective test that does not consider the state of mind of the person doing the intimidating. *Id*. at 824. Because, "[i]t is a cardinal rule…that one panel is bound by the decision of a prior panel," *United States v. Anderson*, 771 F.3d 1064, 1066–67 (8th Cir. 2014), any later decision treating bank robbery as a crime of violence that does not require intent is erroneous and is not binding precedent. *See Allen v. United States*, 836 F.3d 894, 895 (8th Cir. 2016).

*Sections 2113(d) and (e):* Sections 2113(d) and (e) are sentencing enhancements dependent on the commission, in this case, of bank robbery under § 2113(a). As a result, the fact that § 2113(a) does not meet the definition of crime of violence means that §§ 2113(d) and (e), *a priori*, cannot be considered under § 924(c)(3).

In any event, neither §§ 2113(d) nor (e) requires a knowing or intentional use or threatened use of violent force. Section 2113(d), which is violated when the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device," can be committed without any specific state of mind required as to the threat or use of physical force. *See Morrow v. United States*, 408 F.2d 1390, 1391 (8th Cir. 1969) (holding that the test under § 2113(d) "is an objective one," with the only relevant inquiry being "whether [the victim's] life was

put in danger by the use of a dangerous weapon"). Therefore, armed bank robbery under § 2113(d) fails to satisfy the necessary intentional *mens rea* under the force clause.

Section 2113(e) requires that, in the course of committing a robbery or eluding punishment for the offense, the defendant either kill a person or force a person "to accompany him without the consent of such person." The offense contains no scienter requirement other than "'knowingly' committing the underlying bank robbery." *United States v. Jackson*, 736 F.3d 953, 958 (10th Cir. 2013). Thus, Circuit Courts of Appeals, including the Eighth Circuit, have repeatedly found that § 2113(e) does not require proof that the defendant intended to commit the act of killing or forced accompaniment criminalized by the statute. *See, e.g.*, *United States v. Allen*, 247 F.3d 741, 782 (8th Cir. 2001), judgment vacated on other grounds, 536 U.S. 953 (2002) ("Because the plain language of [18 U.S.C. § 2113(e)] says simply 'kills,' and not 'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that [Congress] did not intend to add an additional scienter requirement to the killing component of the crime.") (quoting *United States v. Poindexter*, 44 F.3d 406, 409 (6th Cir. 1995)); *United States v. Vance*, 764 F.3d 667, 675 (7th Cir. 2014) ("[It is] irrelevant that Vance appears not to have intended to kill the teller in the second bank robbery. . . . It is reasonably clear that the language we quoted from [§ 2113(e)] dispenses with any requirement of proving intent to kill.").

Again, the offense fails to satisfy the necessary knowing or intentional *mens rea* under the force clause.

### 3. Mr. Agofsky is entitled to certification under 28 U.S.C. § 2255(h)(2).

Mr. Agofsky has made a "prima facie showing," 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court." Courts of Appeals have previously granted similar petitions for defendants to file § 2255 motions in district court, addressing the same question raised here: whether a conviction under § 924(c) can stand following *Davis. See, e.g.*, *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (authorizing defendants who had been convicted of bank robbery under § 2113 as well as § 924(c) to file successive § 2255 motions based on *Davis*, noting that "[w]hether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry"); *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019) (authorizing petitioner, convicted under § 924(c) for possessing a firearm during and in relation to a conspiracy to commit Hobbs Act robbery, to file a successive § 2255 motion following *Davis*); *United States v. Dixon*, 799 F. App'x 308 (5th Cir. 2020) (granting authorization for petitioner to file a successor § 2255 petition based on his claim that his conviction under § 924(c) could not be sustained after *Davis*).

# CONCLUSION

WHEREFORE, having made a prima facie showing that all the requirements of § 2255(h) are satisfied, Mr. Agofsky respectfully requests that his motion be granted and that he be allowed forthwith to present the attached 28 U.S.C. § 2255 motion before the district court.

Respectfully submitted,

/s/ Jennifer Merrigan
JENNIFER MERRIGAN
MO Bar #56733
The Phillips Black Project
1901 South 9th Street, 501
Philadelphia, PA 19148
Telephone (888) 532-0897
Facsimile (888) 543-4964

*Counsel for Shannon Agofsky*

CLAUDIA VAN WYK
PA Bar # 95130
Assistant Federal Defender
Federal Community Defender Office
Capital Habeas Unit
601 Walnut Street, Suite 545W
Philadelphia, PA 19081
Telephone (215) 928-0520
Facsimile (215) 928-0826

*Of Counsel*

Dated: May 22, 2020

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May, 2020, a copy of the foregoing pleading was delivered via electronic filing to Timothy A. Garrison, United States Attorney, Western District of Missouri, Charles Evans Whittaker Courthouse, U.S. Attorney's office, Room 5510, 400 East 9th Street, Kansas City, MO 64106.

/s/ Jennifer Merrigan
Jennifer Merrigan